## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## TEXARKANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | No. 4:08CR40020 |
| ) | |
| **BERNIE LAZAR HOFFMAN,** ) | |
| **a/k/a TONY ALAMO** ) | |

### RESPONSE TO DEFENDANT'S MOTION FOR IMMEDIATE DISCLOSURE OF SEARCH WARRANT MATERIALS

Comes now the United States of America, by and through Robert C. Balfe, United States Attorney for the Western District of Arkansas, and for its response to the Defendant's motion filed herein, states:

### PROCEDURAL AND FACTUAL HISTORY

A Search Warrant was executed on the Defendant's property in Fouke, Arkansas, in the Western District of Arkansas on September 20, 2008. A criminal complaint charging the Defendant with a violation of Title 18, United States Code, Section 2423(a), was issued on September 20, 2008. The Defendant was subsequently indicted on October 1, 2008, for two counts of a violation of Title 18, United States Code, Section 2423(a). The Defendant was arraigned in the Western District of Arkansas on October 17, 2008. The Court then set a detention hearing in this case for Wednesday, October 22, 2008. The Defendant filed the above-referenced motion on Monday, October 20, 2008. In his motion, the Defendant seeks the Court to issue an order to cause the United States Attorney for the Western District of Arkansas to turn over the Search Warrant, Affidavit in Support of the Search Warrant, and other materials related to the Search Warrant that was served on the Defendant's property in Fouke, Arkansas, on September 20, 2008. The Court previously issued an order on October 17, 2008, requiring the United States Attorney's Office to disclose certain

discovery materials to the Defendant within ten (10) days of his request for such materials.

## ARGUMENT

The Court should deny the Defendant's motion for early disclosure of these items and allow the United States Attorney's Office to provide the requested items to the Defendant based on the scheduling order signed by the Court on October 17, 2008, for the following reasons:

I. **The Defendant in this Case has No Substantive Right to Early Disclosure of the Search Warrant**

The Defendant in this case argues in his motion and brief in support of the motion to disclose the Search Warrant that he has a right to receive these documents, and the United States Attorney's Office agrees that the Defendant does have a right to receive a copy of the Search Warrant and associated documents. However, there is no substantive right on the part of the Defendant to receive these documents in a time other than that proscribed by the Court in the scheduling order already issued in this case.

In support of his argument, the Defendant cites two cases that both indicate the Court has wide latitude over discovery issues and specifically the disclosure of certain evidence prior to trial. However, neither of these cases deal specifically with the issue at bar, which is whether the Defendant has a right or prevailing need to receive the documents prior to the time provided in the scheduling order. See, e.g., United States v. Cook, 432 F.2d 1093 (7th Cir. 1970), Walsh v. United States, 371 F.2d 436, 438 (1st Cir. 1967). Since these two cases cited by the Defendant do not specifically address the issue, the Court should look to other authority to provide an answer. In a similar issue, the United States Court of Appeals for the Fifth Circuit held that due process does not require premature production at pre-trial hearings on motions to suppress statements ultimately subject to discovery under the Jencks Act. United States v. Montos, 421 F.2d 215, 221 (5th Cir.

1970). In Montos, the Court addressed a defendant's Motion to Disclose certain documents and statements for a pre-trial hearing on a motion to suppress. The Court denied his motion, and the defendant appealed the issue. The Court held that the defendant did not demonstrate a specific need to obtain the materials ahead of the Court's specific order regarding discovery, nor did the Court find a substantive right under due process for the defendant to seek early disclosure of the materials in question.

In the case at bar, the Defendant does not seek to obtain early disclosure of Jencks material, but the correlation lies in the fact that the Defendant, similar to the defendant in Montos, does seek to obtain early disclosure of items that are subject to disclosure under the standard rules of discovery. Certainly, the defendant in Montos had a more compelling need to obtain the documents. In that case, the defendant was seeking the documents to prepare a motion to suppress evidence against him, which is a compelling need. However, the Court noted that although it was a compelling need, the defendant did not have an associated right to obtain the evidence until the time provided for under standard Jencks rules. It is clear that the Defendant is entitled to receive copies of the material he requests under his motion, but it is also clear that the Defendant does not have a substantive right to *early* disclosure, under either due process or any other provision of law.

II.  **The Defendant in this Case has Not Demonstrated a Compelling Need for Early Disclosure**

It is clear that Defendant does not have a substantive right to early disclosure of the materials in question, but it is also important for the Court to note that the Defendant has not demonstrated a compelling need to have the documents disclosed in a manner other than previously ordered by the Court. The Defendant states in his brief that he needs such materials to prepare for the detention hearing in this case. However, according to Title 18, United States Code, Section 3142(f), the

purpose of a detention hearing is for a judicial officer to determine whether any condition or combination of conditions will reasonably assure the appearance of such person and the safety of any other person and the community. The Defendant makes no specific showing or even allegation as to how the search warrant materials requested in his motion would help him prepare for the detention hearing in this case. Other than a conclusory assertion of the same, there is no other mention of how and why the disclosure of these documents is important to his preparation. Title 18, United States Code, Section 3142(g), lists the factors to be considered in the judicial officer's determination of detention. These factors include the nature and circumstances of the offense, the weight of evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Finally, it would not prejudice the Defendant in any way to receive the documents in the time and manner previously ordered by the Court. Such timely disclosure would allow the Defendant ample time to prepare a motion to suppress and to prepare for trial on the charges against him.

### III. There is a Compelling Reason on the Part of the United States to Delay Disclosure of the Search Warrant Materials

The Search Warrant and other associated materials in this case were sealed by an order signed by the Court at the time the Search Warrant was issued. The United States Attorney's Office requested that the Court seal the Search Warrant and associated documents based on a number of factors that are still in effect today. For instance, the Motion to Seal, and accompanying Order to Seal signed by the Court, indicate that one reason for the documents to be sealed was the possibility of retaliation against witnesses. That possibility still exists at the time of the filing of this motion, and the compelling need that accompanies that possibility is for the United States to warn these

witnesses and allow them adequate time to prepare for possible retaliation. Another factor listed in both the Motion to Seal and the Order to Seal is that such disclosure would jeopardize the United States' ability to interview witnesses and gather evidence in an ongoing investigation. While the investigation that led to the probable cause to arrest the Defendant and the subsequent indictment against the Defendant is complete, there are other ongoing investigations involving other possible co-defendants or defendants in unrelated charges that could be jeopardized by an early disclosure of these materials to the Defendant. In short, while the Defendant has demonstrated no compelling justification for accelerating the Court's time for disclosure of these materials, the United States has shown a compelling justification for following the Court's pre-appointed time and method of disclosure of these materials subject to the standard discovery rules.

## CONCLUSION

The Court should deny the Defendant's Motion for Disclosure in this case because the Defendant has no substantive right under due process or otherwise for such early disclosure, the Defendant has demonstrated no compelling need or justification for such disclosure, and the United States has demonstrated a specific compelling need to delay such disclosure until the time previously ordered by the Court in the Scheduling Order entered in this case. The Defendant is certainly entitled to disclosure of the documents requested in his motion, however, there is no justification or statute upon which the Court may rely to accelerate disclosure in this case. In fact, to do so would also ignore the compelling reasons the Court relied on to order the Search Warrant materials sealed at the time of their issuance.

    Respectfully submitted,

    ROBERT C. BALFE
    UNITED STATES ATTORNEY

By:    */s/ Clay Fowlkes*
        Clay Fowlkes
        Assistant United States Attorney
        Arkansas Bar No. 2003191
        P. O. Box 1524
        Fort Smith, AR 72902
        Phone: 479-783-5125

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing electronically to:

    John Wesley Hall, Jr., Attorney at Law;
    Patrick J. Benca, Attorney at Law;
    Kara L. Binz, Attorney at Law;

and I hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participant:

    Jeffery S. Harrelson
    Attorney at Law
    PO Box 40
    Texarkana, AR 75504

        */s/ Clay Fowlkes*
        Clay Fowlkes
        Assistant United States Attorney