IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

v.                      **Criminal No. 4:08-CR-40020**

**BERNIE LAZAR HOFFMAN,**                          **DEFENDANT**
a/k/a **TONY ALAMO**

### O R D E R

      Before the Court is the Government's Motion for Detention pending trial in this matter. A detention hearing was held on October 22, 2008. Defendant was present and represented by counsel. Both the Government and the Defendant presented evidence and testimony. The Court, having heard testimony from the witnesses and arguments of counsel, finds as follows:

      Defendant was indicted by the Federal Grand Jury on October 1, 2008, and charged with two counts of violation of 18 U.S.C. § 2423(a) & (e), coercion or enticement of a minor female to travel in interstate commerce with the intent that the minor female engage in sexual activity. This case involves a presumption of detention pursuant to 18 U.S.C. § 3142(e). The United States Probation Office has recommended that Defendant be detained pending trial.

      The Court has considered the factors set out in 18 U.S.C. § 3142(g)(1-4). Specifically, the offense charged is a crime of violence, and the indictment represents probable cause that such a crime was committed by the Defendant. The Defendant has previously been convicted of a felony crime and served approximately four (4) years incarceration as a result of that conviction. The Defendant successfully completed a year of supervised release following his release from prison. The Defendant, acting as the pastor of Alamo Christian Ministries or the Alamo Foundation, has in the past caused several persons, including at least two minors, to be beaten and injured for

violation of the "rules" of his church. These beatings resulted in serious injury to the persons beaten. The Defendant, while controlling a large variety of real estate and business enterprises, does not have actual legal title to any of those holdings.

Furthermore, the Defendant has, in the past, ordered his followers to avoid contact with law enforcement personnel, and if contacted by law enforcement personnel, the Defendant has ordered his followers to lie in order to protect Defendant from prosecution. The Defendant has threatened or physically punished his followers in the past who did not act according to his directions. The Defendant fled the State of California in 1989 to avoid prosecution for the alleged abuse of a minor.[1] Following the issuance of a Federal arrest warrant for unlawful flight to avoid prosecution, the Defendant was arrested in the State of Florida in 1991 while living under an alias. The lead Federal law enforcement officer in this case, Special Agent Randall Harris of the Federal Bureau of Investigation, testified at the detention hearing that he believes the Defendant would be a continuing danger or threat to witnesses and alleged victims were he released pending trial.

Based on the foregoing, I find by clear and convincing evidence that Defendant's release pending a final trial in this matter would constitute a danger to other persons and the community. Further, I find that no condition or set of conditions of pre-trial release could be imposed to reasonably assure the safety of other persons or the community.

I also find by a preponderance of evidence that a serious risk exists that Defendant will flee or fail to appear in court when required.

The Defendant is remanded to the United States Marshal Service pending the final trial currently scheduled for November 19, 2008.

---

[1] The Court notes the California case was ultimately dismissed without adjudication.

**IT IS SO ORDERED** this **22nd day of October, 2008.**

                                                 /s/ Barry A. Bryant
                                       HON. BARRY A. BRYANT
                                       U. S. MAGISTRATE JUDGE