IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | No. 4:08CR40020-001 |
| ) | |
| ) | |
| BERNIE LAZAR HOFFMAN, ) | |
| a/k/a TONY ALAMO ) | |

## ORDER

Before the Court is the United States' and Defendant's Motions for Juror Questionnaire. (Doc. Nos. 44 and 45). The parties request that a juror questionnaire be submitted to prospective jurors in the jury pool for this trial. The parties contend that the use of a juror questionnaire will significantly reduce the time spent on voir dire, minimize juror discomfort during inquiry of potentially sensitive matters of sex and religion, disclose pre-existing opinions about the case or defendant, and maximize the parties' ability to focus on important issues during the courtroom voir dire.

Federal Rule of Criminal Procedure 24 addresses the examination of prospective jurors in criminal trials. It states in pertinent part:

> (a) Examination. The Court may examine prospective jurors or may permit the attorneys for the parties to do so. If the court examines the jurors, it must permit the attorneys for the parties to ask further question that the court considers proper, or submit further questions that the court may ask if it considers them proper.

The district court has substantial discretion in the manner in which it permits voir dire to be conducted in a criminal trial. *See United States v. Lawrence,* 952 F.2d 1034, 1037 (8th Cir. 1992) (holding in a criminal case that the district court had considerable discretion in

determining how to conduct voir dire, and review is limited to the question of whether the overall jury examination, coupled with the jury charge, adequately protected the defendant from prejudice). This broad discretion extends to the decision whether to submit jury questionnaires to prospective jurors prior to trial. *See United States v. Bakker,* 925 F.2d 728 (4th Cir. 1991); *United States v. Flores,* 63 F.3d 1342, 1353 (5th Cir. 1995); *United States v. Phibbs,* 999 F.2d 1053, 1071 (6th Cir. 1993).

The Court believes that its standard voir dire examination will adequately protect the defendant in this case from prejudice. Therefore, upon consideration, the Court finds that the use of a juror questionnaire prior to trial is not necessary. Accordingly, the parties' pending Motions for Juror Questionnaire are hereby **denied**.

IT IS SO ORDERED, this 20th day of February, 2009.

/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge