IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| VS. | ) | No. 4:08CR40020-001 |
| | ) | |
| BERNIE LAZAR HOFFMAN, | ) | |
| a/k/a TONY ALAMO | ) | |

### ORDER

Before the Court is Defendant's Motion to Reconsider Denial of Appeal from Order of Detention or, in the Alternative, Reopen the Detention Hearing. (Doc. No. 61).

On October 22, 2008, the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, held a pretrial detention hearing in the above styled matter. The magistrate's order of detention was entered the same day.  On April 7, 2009, Defendant filed an appeal of the detention order pursuant to 18 U.S.C. § 3145(b).  On April 15, 2009, the Court entered an order denying the Defendant's appeal on the grounds that the Defendant had waived his right to review of the magistrate's order under Fed. R. Crim. P. 59(a).  Defendant now requests that the Court reconsider its denial of his appeal.

Rule 59(a) of the Federal Rules of Criminal Procedure governs the appeal rights provided in 18 U.S.C. § 3145.  It establishes a ten (10) day limit for appeal of a magistrate judge's decision.  If the party fails to appeal the magistrate's decision within 10 days, the right to review is waived.  Fed. R. Crim. P. 59(a); *United States v. Tooze,* 236 F.R.D. 442, 446 (D.Ariz. 2006) (stating the right to review from a magistrate judge's decision is lost under Rule 59(a) by the

party's failure to appeal within 10 days). "Any review by the district court following such a waiver is discretionary and not a matter of right." *Id.*

In this case, Judge Bryant entered his detention order on October 22, 2008.  Under Rule 59(a), Defendant had ten (10) days to file any objections to the magistrate's order.  Fed. R. Civ. P. 59(a).  No objections were filed.  Accordingly, the Defendant waived his *right* to review from the magistrate judge's order.  Any review by this Court is discretionary.  Upon consideration of the Defendant's motion to reconsider,[1] the Court declines to exercise its discretionary authority of review of the detention order entered in this matter.

Alternatively, Defendant requests that the Court reopen the detention hearing in this matter.  A detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such persona as required and the safety of any other person and the community."  18 U.S.C. § 3142(f)(2).  In his motion, Defendant cites to new information not known to him until after the detention hearing as a basis for reopening the hearing.  In reviewing this information, the Court finds that the information cited by the Defendant has no material bearing on whether there are release conditions that will reasonably assure his appearance at trial and the safety of any other person and the community.  Therefore, the Defendant's alternative motion to reopen the detention hearing in this matter should be denied.

Accordingly, for the reasons stated herein, the Court finds that the Defendant's Motion to

---

[1] In considering the motion, the Court read the transcript from the October 22, 2008 detention hearing, the detention order entered by Judge Bryant, and the parties' arguments.

Reconsider the Denial of Defendant's Appeal from Order of Detention or, in the Alternative, Reopen the Detention Hearing, should be and hereby is **denied**.

IT IS SO ORDERED, this 21st day of April, 2009.

                                                  /s/Harry F. Barnes
                                              Hon. Harry F. Barnes
                                              United States District Judge