IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 4:08CR40020-001 |
| v. ) | |
| ) | |
| BERNIE LAZAR HOFFMAN, ) | |
| also known as Tony Alamo | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR TRIAL CONTINUANCE**

Comes now the United States Attorney, by and through Acting United States Attorney Deborah Groom, and files its response in opposition to Defendant's Motion for Trial Continuance (Document 67) and states:

1. Defendant was charged by complaint issued on September 20, 2008, with transporting a minor in interstate commerce for sexual purposes, in violation of 18 U.S.C. § 2423(a). (Document 1). He was arrested in the District of Arizona on September 25 and returned to the Western District of Arkansas by the United States Marshal.

2. On October 1, 2008, the grand jury returned a two-count indictment that charged Defendant with transporting a minor in interstate commerce for sexual purposes, in violation of 18 U.S.C. §§ 2423(a) and 2.

3. On October 17, 2008, attorney John Wesley Hall entered his appearance for Defendant. (Document 11). Defendant was arraigned on October 17, 2008 and a jury trial was scheduled for November 19, 2008. (Document 12).

4.     Attorneys Kara Binz and Patrick Benca, members of Mr. Hall's law firm, entered their appearances as attorneys of record on October 21, 2008. (Documents 22 and 23).

5.     A detention hearing was held October 22, 2008, and an Order of Detention was entered by United States Magistrate Judge Barry A. Bryant.  (Documents 25 and 26).

6.     On October 28, 2008, Defendant filed an unopposed Motion to Continue the jury trial. (Document 29).  The government filed its response, indicating it did not resist Defendant's request.  (Document 29).  The district court entered an Order on October 30, 2008, and granted Defendant's request to continue the trial scheduled for November 19, 2008.  Trial was rescheduled for February 2, 2009.  (Document 31).

7.     On November 19, 2008, the grand jury returned a 10-count superseding indictment that charged Defendant with transporting five minor females in interstate commerce for sexual purposes, in violation of 18 U.S.C. §§ 2423(a) and 2.  (Document 33).

8.     Defendant waived his personal appearance at arraignment on the superseding indictment and entered a not guilty plea.  (Document 34).  Judge Bryant ordered that all previous deadlines, including the rescheduled trial date of February 2, 2009, remain in effect.

9.     Defendant filed his Second Motion to Continue the Trial on January 7, 2009, citing the need for additional time to prepare for trial.  (Document 39).  The government objected to a continuance of the February 2, 2009, trial and argued Defendant did not articulate a compelling reason justifying such a continuance.  (Document 40).

10.    By Order dated January 8, 2009, the district court found that the ends of justice served by granting the continuance outweighed the best interests of the public and Defendant in a speedy trial.  The district court further found that denying the continuance would not permit

2

Defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(8)(A). (Document 41). Trial was re-scheduled for May 18, 2009.

     11.    On March 17, 2009, Attorney Jeff Harrelson ("Harrelson") entered his appearance for Defendant. (Document 48). On that same date, Attorney Daniel G. Davis ("Davis") filed a Motion for Leave to Appear Pro Hac Vice. (Document 49). The district court granted Davis's motion to appear Pro Hac Vice. (Document 50). An Order granting substitution of counsel was entered March 17, 2009, permitting Davis to substitute as counsel for Defendant and replace John Wesley Hall, Patrick Benca and Kara Binz. (Document 51). Davis entered as attorney of record on March 23, 2009, nearly two months (56 days) in advance of the May 18 trial date. (Document 52).

     12.    Davis confirmed he was involved in Alamo's defense before he formally entered his appearance as attorney of record. In an article published March 14, 2009, Davis told Texarkana Gazette reporter Lynn LaRowe: "I think he (Alamo) had misgivings about the level of preparation given that there is a scheduled May trial. I'm probably not as busy as his former attorney . . . . I'll be quickly up to my eyeballs in trying to prepare this case." According to records available to the government and Defendant, Davis began his review of Defendant's case on or about February 10, 2009, after the May 18 trial date had been established.

     13.    On April 3, 2009, Attorney Don Ervin ("Ervin") filed a Motion for Leave to Appear Pro Hac Vice. (Document 53). That motion was granted and Ervin entered as attorney of record on April 7, 2009. (Documents 54, 55). Upon information and belief, Ervin began his

review of Defendant's case on or about January 10, 2009, again, at such time Defendant's May 18 trial date was known.

14. Less than two weeks before commencement of the May 18 trial, Defendant now files his third Motion for Trial Continuance, citing lack of preparation by prior counsel, recent discovery provided by the government, defense unpreparedness and lead counsel's left knee injury. (Document 67).

15. The government strongly opposes the third continuance of the trial in this case and asks this Court to designate this case as being one of special public importance, pursuant to 18 U.S.C. § 3509(j). By so designating this case as one of special public importance, 18 U.S.C. § 3509(j) states, in pertinent part, that **"the court shall, consistent with these rules, expedite the proceeding and ensure that it takes precedence over any other. The court shall ensure a speedy trial in order to minimize the length of time the child must endure the stress of involvement with the criminal process."** (emphasis added).

16. As defined in 18 U.S.C. § 3509 (a)(2), the term "child" means a person under the age of 18, who is or is alleged to be:

(A) a victim of a crime of physical abuse, sexual abuse, or exploitation; or

(B) a witness to a crime committed against another person.

The term "sexual abuse" includes . . . the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children. 18 U.S.C. § 3509(a)(8).

17. The superseding indictment charges Defendant with transporting minors in interstate commerce for sexual purposes. Two of the minors that were transported for sexual purposes are still under the age of 18. The provisions of Title 18 U.S.C. § 3509 are applicable to

this case because "Jane Doe #1" and "Jane Doe #2" in the superseding indictment are under the age of 18 and are victims of a crime of sexual abuse, specifically, Arkansas Code Annotated 5-14-103, Rape. (*See* Counts One through Four of the Superseding Indictment.) Accordingly, this Court should designate this case as one of special public importance, thereby expediting the case and ensuring a speedy trial.

      18.    Defendant asserts the government's recent provision of discovery is a reason to delay the trial. Defendant states: "in April, the government belatedly unloaded substantial discovery on the defense." (Document 67, p. 8). This assertion completely misleads this Court about the discovery process in this case. The government provided discovery to Defendant on April 1 and April 28 in an effort to promote and assist current defense counsel's preparation for trial. While Defendant may wish this Court to believe the government was " 'piling on' batches of evidence during the month of April, on the eve of our May trial date," (Document 67, p. 22), the government notes the materials provided to Defendant in April were supplied in advance of any obligation to do so when it became apparent Defendant had done nothing to trigger the discovery process. Indeed, Defendant filed his Request for Discovery on May 4 (Document 64), nearly a month after the government voluntarily initiated the discovery process. In the absence of a defense motion requesting discovery, the government was under no duty to provide discovery. *See* Pretrial Scheduling Order entered October 17, 2008, ¶ II (A) (stating that <u>at the request of the Defendant</u>, the Government shall disclose and provide copies to the Defendant's attorney the following materials . . . (Document 14); *See also* Fed.R.Crim.P. 16(a)(1)(A)-(G) (requiring the government to provide specific items of discovery to the defendant "**upon a defendant's request**." (emphasis added)).

The Eighth Circuit has held that the government's obligation to disclose evidence is not triggered until the defendant makes an appropriate request for discovery. United States v. Johnson, 228 F.3d 920, 924 (8th Cir. 2000) (defendant is not entitled to pre-trial discovery of government's expert witness when defendant did not file a request for such discovery under Fed.R.Crim.P. 16(a)(1)(E)). There is no general Constitutional right to discovery in a criminal case. Weatherford v. Bursey, 429 U.S. 545, 560, 97 S.Ct. 837, 846 (1977). Accordingly, Defendant's argument that its trial preparations have been impeded by the government "belatedly" unloading "substantial discovery" and "piling on batches of evidence during the month of April," is disingenuous where the government tendered the discovery without compulsion to do so, simply in an attempt to move trial preparations forward.

19.     Defendant cites United States v. Issaghoolian, 42 F.3d 1175 (8th Cir. 1994) as guidance for this Court's evaluation of Defendant's continuance request. It is significant to this proceeding that the Eighth Circuit approved the district court's refusal to grant Issaghoolian's second request for a continuance of a trial scheduled to begin March 10 where Issaghoolian had hired new trial counsel on March 1. Finding that Issaghoolian's new counsel "were on prior notice . . . [they] would only have ten days to prepare for trial," the Eighth Circuit cited examples where trial continuances were disapproved by concluding an attorney was able to adequately prepare for trial within a short period of time. Id., at 1178, *citing* United States v. West, 878 F.2d 1111 (8th Cir. 1989) (holding it was reasonable to deny a continuance to counsel who entered her appearance only 13 days before trial); United States v. Lankford, 573 F.2d 1051 (8th Cir. 1978) (holding it was reasonable to allow only a one-day continuance for newly-retained

attorney to prepare for trial). In the instant case, the motion to continue should be denied where counsel had notice of the May 18 trial when they entered this case in March and April. [1]

20.  There are five factors the trial court must evaluate in its consideration of a motion for continuance. United States v. Cordy, 560 F.3d 808, 815-818 (8th Cir. 2009). Those factors are:

1.  The nature of the case and whether the parties have been allowed adequate time for trial preparation;

2.  The diligence of the party requesting the continuance;

3.  The conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance:

4.  The effect of the continuance and whether a delay will seriously disadvantage either party; and

5.  The asserted need for the continuance, with weight to be given to sudden exigencies and unforeseen circumstances.

Cordy, 560 F.3d at 815-816.

In Cordy, the Eighth Circuit reviewed the district court's denial of a request for a continuance and found Cordy was "put on notice that counsel was occupied with other matters that could potentially limit the time he had available for defense preparation." Id., at 816. The Eighth Circuit also recognized that "a continuance on the eve of trial can exact significant costs on the administration of justice and case management of a federal court, members of the jury pool, witnesses, and other litigants affected by the postponement." Id.

---

[1] Harrelson entered his appearance as attorney of record two months before the May 18 trial (entry of appearance March 17, 2009, Document 48); Davis entered his appearance as attorney of record 56 days before the May 18 trial (entry of appearance March 23, 2009, Document 52); and Ervin entered his appearance as attorney of record 41 days before the May 18 trial (entry of appearance April 7, 2009, Document 55).

Following the guidance provided in Cordy, supra, the government urges this Court to consider the following:

- Over 240 potential jurors have been summoned to report for jury duty on May 18. This is not an insignificant number of citizens from the Western District of Arkansas who have been ordered to set aside their daily routines and responsibilities in order to report for jury duty in just twelve days. Similarly, court staff undoubtedly have made significant arrangements to accommodate such a large jury pool.

- Dozens of witnesses across the United States are under subpoena and commanded to appear in the United States District Court for the Western District of Arkansas, Texarkana Division, on May 18. The monetary expense to the government to transport and provide lodging for these witnesses is substantial, notwithstanding the time that has been expended by government staff in making arrangements for airfare, ground transportation and lodging for all these witnesses. Some of those witnesses are contending with special medical and child care needs that require significant accommodation.

- Further, these subpoenaed witnesses have made arrangements to be away from their homes, families, jobs, and schools beginning May 18. Understandably, it is no small undertaking to arrange to be away from one's daily activities, responsibilities to a job, family and school, or other personal commitments.

- The government has spent countless hours locating and subpoenaing these witnesses, many of whom have gone to great lengths to distance themselves from Defendant. The arduous and time consuming task of locating and re-subpoenaing these witnesses, who

8

reside throughout the United States, represents a substantial burden and expense to the government.

- The government has also subpoenaed witnesses who are considered "hostile witnesses." Should the current May 18 trial date be continued, based on knowledge and investigation, the government believes there is a likelihood these individuals will attempt to evade service of a newly issued trial subpoena.

21.     Defendant cites 18 U.S.C. § 3161(h)(8)(A) as statutory authority for this Court to grant a continuance and find the ends of justice are served by such continuance and outweigh the interest of the public and the defendant in a speedy trial. (Document 67, p. 23). Just as a defendant has an interest in a speedy trial, so does the public. Under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., the government, in advancing the public interest, has an equal right with a defendant to obtain the prompt disposition of a criminal prosecution. United States v. Kamel, 965 F.2d 484, 498 (7th Cir. 1992). The Speedy Trial Act protects defendants' and the public's interest in timely criminal trials. United States v. Dunbar, 357 F.3d 582, 591 (6th Cir. 2004). The purpose of the Speedy Trial Act is not only to protect a defendant's constitutional right to a speedy trial, but also to serve the public interest in bringing prompt criminal proceedings. United States v. Moss, 217 F.3d 426 (6th Cir. 2000).

22.     Title 18, U.S.C. § 3771 ("Crime Victims' Rights") recognizes a victim of a crime has certain enumerated rights, one of which is "the right to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7). The superseding indictment sets forth five separate victims who were individually victimized by defendant during the time period of 1994 through and including

2005.  These victims deserve the protection afforded to them under 18 U.S.C. § 3771 to have this case proceed to trial on what is now the third trial setting.

23.    Lastly, Defendant cites lead counsel's knee injury and diagnosis requiring surgical repair as an additional reason necessitating a continuance.  The government declines to comment on a personal medical issue and defers to the district court's discretion on this matter.

WHEREFORE, based upon legal authority and argument cited herein, as well as statutory authority found in 18 U.S.C. §§ 3509(j) and 3771(a)(7), the government respectfully requests this Court deny Defendant's Motion for Trial Continuance, and designate this case as one of special public importance to expedite the proceedings and ensure a speedy trial to minimize the length of time minor victims must endure the stress of involvement with the criminal process.

    Respectfully submitted,

    DEBORAH GROOM
    ACTING UNITED STATES ATTORNEY

By:   */s/ Kyra E. Jenner*
    Kyra E. Jenner
    Assistant U. S. Attorney
    Arkansas Bar No. 2000041
    P. O. Box 1524
    Fort Smith, AR 72902
    Telephone: 479-783-5125

**CERTIFICATE OF SERVICE**

I, Kyra E. Jenner, Assistant United States Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was electronically filed on May 6, 2009, with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Daniel G. Davis
Attorney at Law

Jeff Harrelson
Attorney at Law

Don Ervin
Attorney at Law

/s/ *Kyra E. Jenner*
Kyra E. Jenner
Assistant U.S. Attorney