IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No.  4:08CR40020-001 |
| v. ) | |
| ) | |
| BERNIE LAZAR HOFFMAN, ) | |
| also known as Tony Alamo ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY**

Comes now the United States of America, by and through Acting United States Attorney Deborah J. Groom for the Western District of Arkansas, and responds as follows to Defendant's Motion for Discovery (Document 76) filed June 19, 2009, and states:

1.  Defendant requests "all statements of the Defendant either written or recorded by law enforcement personnel." Defendant has not made any statement, either written or recorded, to law enforcement personnel. Therefore, the government is not in possession of a written or recorded statement made by Defendant to law enforcement personnel and cannot provide same to Defendant.

2.  Defendant requests "all statements of the Defendant with any third party intercepted by law enforcement either with notice and/or intercepted by wire tape either with or without a warrant." The Bowie County Correctional Center has recorded all telephone calls made by Defendant to his residence in Fouke, Arkansas, while Defendant has been in pre-trial detention status. The government has provided in discovery computer discs containing telephone calls made by Defendant from the Bowie County Correctional Center to his residence. This includes all recorded phone calls made beginning in October 2008 through May 6, 2009. The United States Attorney's Office will continue to provide Defendant's recorded telephone calls to defense counsel as they are made available to the United States Attorney by the United States Marshal Service.

Defendant's visitation with female residents of his household have been recorded beginning March 28, 2009. Recordings of Defendant's visitation with the female residents of his home have been provided in discovery. The government will continue to provide recordings of Defendant's jail visits as they are made available to the United States Attorney.

3. Defendant requests "true and accurate copies of all warrants and affidavits that form the basis of the electronically generated, reception and/or retrieval of any intercepted statements and/or conversations of Defendant with any third party." No wire taps were utilized in this case. Accordingly, there are no warrants nor affidavits supporting a request for electronically intercepted statements.

4. Defendant requests "the prior criminal record of the Defendant." Defendant's prior criminal history was provided to defense counsel June 26, 2009.

5. Defendant requests "the prior criminal record of any and/or each and every witness the Government intends to call as a witness in the trial of this case." The government will provide one week prior to trial the criminal record, if any, of witnesses to be called by the government to testify at trial.

6. Defendant seeks "true and accurate copies of any documents and/or items of tangible evidence the Government intends to introduce as exhibits in the trial of this case." The government has provided in discovery copies of documents and/or items of tangible evidence the government has in its possession. To the extent Defendant requests copies of the precise exhibits the government intends to introduce at trial, the government will provide a copy of the government's exhibit list and its numbered exhibits to defense counsel on Friday, July 10, 2009, so long as the trial remains scheduled to commence July 13, 2009.

7.     Defendant seeks "true and accurate copies of all examinations or tests the Government will introduce and/or use in the presentation of their case in chief." No examinations nor tests were conducted in this case. The government does not intend to introduce any examinations or tests at trial.

8.     Defendant requests "true and accurate copies of all expert witness summaries pursuant to Rule 16 (a)(1)(e)[1] [sic] of the Federal Rules of Criminal Procedure. The government does not intend to call expert witnesses at trial.

9.     Defendant requests "true and accurate copies of all Grand Jury testimony in order to determine the existence of selective prosecution based on class pursuant to United States v. Sammons, 918 F.2d 592 (6th Cir. 1990) or to determine evidence spoliation and/or the loss and/or destruction of evidence." Transcripts of the testimony of all witnesses who appeared before the grand jury in connection with this case will be provided to defense counsel one week prior to the commencement of trial.

10.    Defendant requests "all psychiatric, mental health and/or hospital records due to mental, emotional or psychiatric conditions of each and every witness the Government intends to call as a witness in the trial of this case." The government opposes this request. The government has no such records in its possession and is under no obligation to obtain for a defendant records the government does not already have in its possession or control. United States v. Hall, 171 F. 3d 1133 (8th Cir. 1999) (*citing* United States v. Riley, 657 F. 2d 1377, 1386 (8th Cir. 1981)). Further, confidential communications between a licensed psychotherapist and patient made in the course of

---

[1]     Federal Rule of Evidence 16 (a)(1)(G) governs the Government's Duty to Disclose a written summary of any expert testimony that the Government intends to use during its case-in-chief at trial. Defendant cites Rule 16 (a)(1)(e) for this proposition.

diagnosis or treatment are protected from compelled disclosure under Federal Rule of Evidence 501. Jaffee v. Redmond, 518 U.S. 1, 116 S.Ct. 1923 (1996).

Defendant has made no showing these records, if any exist, are relevant. To be relevant, "the mental health records must evince an impairment of the witness's ability to comprehend, know, and correctly relate the truth." United States v. Lowe, 329 F.3d 981, 984 (8th Cir. 2003). Defendant's request for psychiatric, mental health and/or hospital records should be denied.

11. Defendant asks for "all witness statements within the care, custody and control of the Government and/or their agents including statements secured by State law enforcement personnel working in conjunction with Federal agents pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3500, Jencks Act."

Title 18, United States Code, Section 3500 governs the production of witness statements in a criminal prosecution brought by the United States. Commonly referred to as the Jencks Act, 18 U.S.C. § 3500 provides in pertinent part that "in any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." Although 18 U.S.C. § 3500 directs the government to disclose a witness statement **after** the witness has testified, the government has previously informed defense counsel the government will provide witness statements to defense counsel one week prior to trial in an effort to expedite this proceeding by precluding a request for a continuance while the defense reviews witness statements after the trial has commenced.

12. Defendant requests "sufficient samples of any item which is or should be analyzed --

DNA genetic samples, drug surplus, blood or urine." The government does not have any DNA genetic samples, drug surplus, blood or urine. Accordingly, this request is moot.

13. Defendant requests "samples and/or reports of any fingerprint analysis and/or handwriting samples and/or reports." There are no fingerprint analysis and/or handwriting samples and/or reports. This request is moot.

14. Defendant seeks "the identity where a subpoena can be served on any third party which the Government knows and/or by the exercise of reasonable diligence should know has custody, control, possession, actual or constructive, of any items of tangible and/or testimony evidence concerning the facts and criminal charges in this case and/or which is any way relevant to the evidence to be presented by the Government at the trial of this case."

The government opposes this broad request that appears to ask this Court to order the government to locate and identify witnesses and evidence. The government has no duty to conduct the Defendant's investigation. There is no duty to disclose evidence that is 1) neutral, speculative or inculpatory, 2) available to the defense from other sources, 3) not in the possession of the prosecutor, or 4) over which the prosecutor has no actual or constructive control. United States v. Flores-Mireles, 112 F.3d 337, 340 (8th Cir. 1997); *see also*, Mandacina v. United States, 328 F.3d 995, 1001-02 (8th Cir. 2003) (*citing* United States v. Jones, 160 F.3d 473, 479 (8th Cir. 1998)). Publically available information which the defendant could have discovered through reasonable diligence cannot be the basis for a Brady violation. Jones, supra.

The prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive defendant of a fair trial. United States v. Duke, 50 F.3d 571, 577 (8th Cir. 1995)(*citing* United States v. Bagley, 473 U.S. 667,

675, 105 S.Ct. 3375, 3379-80 (1985). While Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963) requires the government to provide all exculpatory evidence in its possession to a defendant, it established no obligation on the government to **seek out** such evidence. United States v. Riley, 657 F. 2d 1377 (8th Cir. 1981). (Emphasis added). Accordingly, this request should be denied.

15.     Defendant requests "evidence of other crimes and/or bad acts to be presented by the Government at the trial of this case pursuant to Federal Rules of Evidence 404(b) and a statement by the Government as to the probative value of this evidence that outweighs the prejudicial effect of said evidence."

The government filed its Notice to Introduce 404(b) Evidence on May 4, 2009. (Document 63). On June 17, 2009, the government provided additional information to defense counsel via letter regarding its 404(b) Notice. The government opposes Defendant's request to provide a statement "as to the probative value of this evidence that outweighs the prejudicial effect of such evidence." The government contends Document 63 and its correspondence dated June 17, 2009, properly placed Defendant on notice of the type of evidence the government intends to introduce at trial pursuant to Fed. R. Evid. 404(b). *See* United States v. Robinson, 110 F.3d 1320, 1326 (a generalized notice provision requiring the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts is sufficient).

16.     Defendant seeks a Court order requiring the government to provide information sought in paragraphs 3, 10, 11 and 15 of Document 76 "sufficiently in advance of trial in order to allow Defendant the right to reasonably prepare . . . ." As stated in this response, the government does not have the information sought by Defendant in paragraphs 3 and 10 of Document 76. The government has agreed to provide witness statements (paragraph 11 of Document 76) one week prior

to trial.  The government has provided sufficient notice to satisfy Defendant's request set forth in paragraph 15 of Document 76 and has complied with Federal Rule of Evidence 404(b) and the Advisory Committee Notes to the Rule.  The government therefore opposes the entry of an Order as requested by Defendant in paragraph 16 of Document 76.

        Respectfully submitted,

        DEBORAH GROOM
        ACTING UNITED STATES ATTORNEY

By:   */s/ Kyra E. Jenner*
        Kyra E. Jenner
        Assistant U. S. Attorney
        Arkansas Bar No. 2000041
        P. O. Box 1524
        Fort Smith,  AR  72902
        Telephone: 479-783-5125

## CERTIFICATE OF SERVICE

I, Kyra E. Jenner, Assistant United States Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was electronically filed on June 29, 2009, with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Jeff Harrelson
Attorney at Law

Don Ervin
Attorney at Law

        */s/ Kyra E. Jenner*
        Kyra E. Jenner
        Assistant U.S. Attorney