IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.  4:08CR40020-001 |
| v. | ) | |
| | ) | |
| BERNIE LAZAR HOFFMAN, | ) | |
| also known as Tony Alamo | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF EXCULPATORY EVIDENCE AND/OR BRADY MATERIAL

Comes now the United States of America, by and through Acting United States Attorney Deborah J. Groom for the Western District of Arkansas, and responds as follows to Defendant's Motion to Compel Disclosure of Exculpatory Evidence and/or Brady Material (Document 77) filed June 19, 2009, and states:

1.      Defendant seeks "all statements recorded electronically of any alleged victim and/or witness taken by any law enforcement personnel, Federal or State, if said witness is going to testify in the trial of this case."   Two potential witnesses each made a statement that was recorded by investigators with the Arkansas State Police.  Transcripts of those two statements have been provided to defense counsel under cover letter dated June 29, 2009.  The undersigned has been informed that the tape recording made in 2003 has been destroyed.  It is unknown whether the tape recording made in 2006 still exists..  No other witness statements were recorded electronically.

2.      Defendant requests "all handwritten notes and/or memorandum summaries taken by any law enforcement personnel of any alleged victim and/or witness if said victim and/or witness is going to testify in the trial of this case."  The government opposes this request.  The Eighth Circuit does not require the government to supply a defendant with "discovery of reports or other

memoranda prepared by government attorneys and agents in connection with an investigation or prosecution." United States v. Roach, 28 F. 3d 729, 734 (8th Cir. 1994).  Alternatively, the Jencks Act, 18 U.S.C. § 3500, "does not require disclosure of memorandum or general notes of witness interviews." United States v. Shyres, 898 F. 2d 647 (8th Cir. 1990); *see also* United States v. Willis, 997 F. 2d 407, 413-414 (8th Cir. 1993), *cert. denied*, 510 U.S. 1050, 114 S. Ct. 704 (1994) ( FBI reports are not "statements" subject to the Jencks Act).

3.      Defendant asks for "all statements recorded electronically or in writing of each and every person interviewed and/or spoken to about the facts and circumstances of this case and/or Tony Alamo and/or the Tony Alamo Christian Ministries and/or any affiliate of same by any law enforcement personnel and/or prosecution agent and/or undercover law enforcement personnel at any time."  The government recognizes its duty under Brady v. Maryland, 373 U.S. 83, 83 S. Ct 1194 (1963) to provide exculpatory evidence to Defendant.  However, with the exception of a requirement to provide Defendant with any exculpatory information, the government has no duty to provide statements of each and every person interviewed in connection with this investigation. The statements of witnesses who will testify in this case will be provided to defense counsel one week prior to the commencement of the trial.  (*See* Document 84, ¶ 11).

4.      Defendant requests "all initial and/or original recordings and/or handwritten notes and/or memorandum summaries by and of any law enforcement personnel, Federal or State, of any interview and/or conversations with any person concerning the facts and circumstances of this case, Tony Alamo, the Tony Alamo Christian Ministries and/or any affiliate of same at any time."  This request should be denied.  The production of notes and/or memorandum summaries of law enforcement with anyone concerning the investigation of this case should be limited to that which

2

contains exculpatory information.  Brady v. Maryland requires the government to furnish all exculpatory information in its possession or reasonably available to it.  373 U. S. at 87, 83 S. Ct. at 1196-97; *see also* United States v. Krauth, 769 F. 2d 473, 476 (8th Cir. 1985).  A blanket request for production of all notes and summaries for anyone interviewed by law enforcement in this case exceeds any requirement imposed upon the government in Brady v. Maryland, supra.  The Eighth Circuit has held the Constitution does not require the government to disclose completely and in detail all the police investigatory work on the case.  United States v. Wyrick, 653 F.2d 1234 (8th Cir. 1981).  All that the Constitution requires is that the prosecution, upon defense request, disclose evidence which would be material either to the guilt or punishment of the defendant.  Id. at 1241, *(citing* Brady v. Maryland, supra.)  The "prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." United States v. Duke, 50 F.3d 571, 577 (8th Cir. 1995), *(citing* United States v. Bagley, 473 U.S. 667, 675, 105 S.Ct. 3375, 3379-80 (1985)).

5.     Defendant seeks "all statements as well as the handwritten notes of any interview conducted by Sgt. John Bishop of the Arkansas State Police with any person concerning Tony Alamo, the Tony Alamo Christian Ministries and/or affiliate thereof and/or any member of the Tony Alamo Christian Ministries at any time that might be construed as exculpatory to Defendant."  The government recognizes its duty to furnish exculpatory information in its possession or reasonably available to it and will comply with the requirement to provide exculpatory evidence to the defendant, as set forth in Brady v. Maryland, supra.  This broad request for all investigative work conducted by Sgt. John Bishop of the Arkansas State Police should be denied.

6.     Defendant requests "all exculpatory information as to guilt or innocence and/or material that can be utilized for the impeachment of any witness either as to the substance of their testimony or for their credibility."  Again, the government recognizes its duty to furnish exculpatory information in its possession or reasonably available to it and will comply with that requirement.

7.     Defendant asks for "all psychiatric and/or mental health records of any witness."  The government opposes this request.  The government has no such records in its possession and is under no obligation to obtain for a defendant records the government does not already have in its possession or control.  United States v. Hall, 171 F. 3d 1133 (8th Cir. 1999) (citing United States v. Riley, 657 F. 2d 1377, 1386 (8th Cir. 1981)).  Further, confidential communications between a licensed psychotherapist and patient made in the course of diagnosis or treatment are protected from compelled disclosure under Federal Rule of Evidence 501.  Jaffee v. Redmond, 518 U.S. 1, 116 S.Ct. 1923 (1996).

Defendant has made no showing these records, if any exist, are relevant. To be relevant, "the mental health records must evince an impairment of the witness's ability to comprehend, know, and correctly relate the truth."  United States v. Love, 329 F.3d 981, 984 (8th Cir. 2003).  Defendant's request for psychiatric, mental health and/or hospital records should be denied.

8.     Defendant seeks "the entire personnel file of any law enforcement officer who will testify in the trial of this case." The government opposes this request.  The personnel files of government employee witnesses are not open to absolute disclosure. United States v. Bertoli, 854 F. Supp. 975, 1039-1041 (D. N.J. 1994).  A defendant must assert a specific reason or purpose behind such a request and rebut the government's representation that no Brady material exists in the file.  United States v. Navarro, 737 F. 2d 625, 631-632 (7th Cir. 1984).  An Assistant United States

attorney may not be ordered to conduct a personal review of law enforcement officers personnel files to determine whether the files contain material of exculpatory value as part of pretrial discovery. United States v. Herring, 83 F. 1120 (9th Cir. 1996).

Defendant makes no specific allegation that exculpatory material exists in the personnel files of government employee witnesses. Where no grounds have been alleged by Defendant to justify a review of confidential personnel files, this request is unsupported by the law and should be denied.

9. Finally, Defendant seeks "all notations, 302s, summaries, emails, deleted or undeleted, transfer documents of money and funds, faxes, letters, memorandums, handwritten notes and every tangible item concerning and/or referring to any undercover law enforcement officer and/or confidential informant utilized by law enforcement in the investigation and/or preparation of this case."

No undercover law enforcement officer was involved in the investigation of this case. A confidential source was referenced in the affidavit supporting the issuance of the criminal complaint (Document 1), the search warrant affidavit in September 2008 and an affidavit in support of a search warrant approved by Magistrate Barry A. Bryant on May 8, 2009. Information pertaining to a confidential source must be revealed only when that confidential source was an eye and ear witness to the crime charged in the indictment.

In a motion to compel the disclosure of a confidential informant, the defendant bears the burden of demonstrating a need for disclosure. United States v. Lapsley, 334 F.3d 762, 763-64 (8th Cir. 2003). The court must weigh "the defendant's right to information against the government's privilege to withhold the identity of its confidential informants." Id. It is well established that in "tipster" cases, where the informant is not a necessary witness to the facts, disclosure of the

information is not required.  United States v. Moore, 129 F.3d 989 (8th Cir. 1997)(*citing* United States v. Sykes, 977 F. 2d 1242, 1245-46 (8th Cir. 1992) and United States v. Harrington, 951 F.2d 876, 878 (8th Cir. 1991)).

WHEREFORE, based upon the foregoing, the government opposes an Order requiring the government to "turn over to the Defendant all items enumerated [in Document 77] sufficiently in advance of trial" and to "require the government to preserve all items enumerated [in Document 77] by delivering same to the Court under seal" and "for the Court to review and inspect all items delivered by the Government under seal for the purpose of determining the existence of material that can be used by the Defendant for impeachment purposes or which tends to be relevant to the credibility of witness."

Respectfully submitted,

DEBORAH GROOM
ACTING UNITED STATES ATTORNEY

By:    /s/ Kyra E. Jenner
       Kyra E. Jenner
       Assistant U. S. Attorney
       Arkansas Bar No. 2000041
       P. O. Box 1524
       Fort Smith,  AR  72902
       Telephone: 479-783-5125

6

## **CERTIFICATE OF SERVICE**

I, Kyra E. Jenner, Assistant United States Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was electronically filed on June 29, 2009, with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Jeff Harrelson
Attorney at Law

Don Ervin
Attorney at Law

/s/ Kyra E. Jenner
Kyra E. Jenner
Assistant U.S. Attorney

7