IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No.  4:08CR40020-001 |
| V.                                                ) | |
| ) | |
| ) | |
| BERNIE LAZAR HOFFMAN       ) | |
| a/k/a TONY ALAMO                      ) | |

**RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF INFORMANTS**

Comes now the United States of America, by and through Deborah Groom, Acting United States Attorney for the Western District of Arkansas, and for its response to the defendant's motion filed herein, states:

**PROCEDURAL AND FACTUAL HISTORY**

The defendant was arrested on September 25, 2008 on an arrest warrant that was issued by the Court after the United States filed a criminal complaint against the defendant.  (Document 1). Previous to the defendant's arrest, on September 20, 2008, a special agent with the Federal Bureau of Investigation applied for, obtained, and executed a search warrant on a residence located at 100 Circle Drive in Fouke, Arkansas.  (Document 7-1).  The Grand Jury for the Western District of Arkansas later indicted the defendant in a two-count indictment that was filed on October 1, 2008. (Document 4).  Later, the Grand Jury for the Western District filed another indictment against the defendant; this superceding indictment contained ten counts against the defendant, alleging that the defendant took or was aided and abetted in the taking of minor females across state lines for the purpose of initiating or maintaining an unlawful sexual relationship with them.  (Document 33). Finally, the Grand Jury issued another superceding indictment, which contained the same number

and types of counts against the defendant, but this time changed one of the dates of the alleged criminal violation. (Document 71). This case is currently set for a jury trial on July 13, 2009 in Texarkana, Arkansas. On June 23, 2009, the defendant, through his attorneys, filed a motion to suppress evidence recovered as a result of the search warrant that was executed on September 20, 2008. (Document 80). In addition to the motion to suppress, the defendant also filed a document titled "Motion for Disclosure of Informants". (Document 82). In this motion, the defendant asserts that the Court should order the government to disclose the identity of "any and all informants whom the government has utilized in this matter."

The government objects to this motion and respectfully requests the Court to deny the defendant's motion for disclosure of informants.

## ARGUMENT

The United States objects to the Defendant's request that it disclose the identity of any and all confidential informants and sources of information. The government has previously agreed to reveal the names and statements of witnesses who are expected to testify during the trial of this case. Two of the four sources of information from the affidavit in support of the search warrant in this case are victims of the defendant's criminal acts and will testify during the trial. As such, the government has previously agreed to provide their statements to the defendant and at the time of the filing of this response has done so. With regard to the remaining sources of information, however, the government objects to the disclosure of their names and other identifying information for the following reasons:

**I.   The Defendant Has Not Met His Burden Of Demonstrating The Need For Disclosure**

The United States retains a privilege to withhold the disclosure of the identity of its

informants. McCray v. Illinois, 368 U.S. 300 (1967). A defendant has the burden of demonstrating that the need for disclosure outweighs the Government's privilege to withhold the identity of its confidential informants. United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991). A defendant must make a showing beyond mere speculative need; a defendant must demonstrate that disclosure is "vital to a fair trial." United States v. Curtis, 965 F.2d 610, 614 (8th Cir. 1992). In addition, the government is not obligated to disclose informant's identity where the confidential informant did not participate in the offense charged or testify at trial. United States v. Hollis, 245 F.3d 671, 674 (8th Cir. 2001).

In this case, the defendant makes almost no argument to justify or demonstrate the need for disclosure of informants. To this end, the defendant only makes the following statement: "...it is essential for Defendant to investigate whether the government's reliance on such sources of information was reasonable." This conclusory, speculative argument is clearly not enough to overcome the government's privilege of nondisclosure and therefore the defendant's request should be denied.

II.     **The Court Should Apply A Balancing Test And Find That Disclosure Should Not Be Ordered**

According to United States Supreme Court in Roviaro, in considering whether to order the disclosure of the identity of informants, the Court should strike a balance between the governments privilege of nondisclosure and the defendant's need for disclosure. As noted above, the defendant has not sufficiently demonstrated a need for disclosure in this case, however, should the Court determine otherwise, the following factors should be considered: the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. See, e.g., Roviaro, 353 U.S. at 62.

In considering the crime charged, the Court should note that this is a serious offense that was committed against minor females. This is the type of offense that involves not only physical and sexual abuse, but also involves significant emotional abuse. In assessing this particular factor, the Court should consider that the involvement of juveniles requires the Court to be particularly cautious in ordering disclosure of their identities, as they are especially vulnerable and subject to intimidation. In considering the nature of these crimes alleged against the defendant, the Court should find that this factor clearly falls in favor of non-disclosure.

The second and third factors noted by the Supreme Court in <u>Roviaro</u> are possible defenses to the charges that are affected by the informants and the significance of the informant's testimony. In this case, the defendant is charged with ten counts alleging that he took or was aided and abetted in the taking of minor females across state lines for the purpose of initiating or maintaining an unlawful sexual relationship with them. Neither of the remaining un-named informants added any information to the affidavit in support of the search warrant in this case (Document 7-1). In addition, neither added any information that would be relevant to the charges contained in the indictment. Therefore, both of these factors would also appear to fall in favor of non-disclosure.

## **CONCLUSION**

Without a more detailed statement as to how the disclosure of the informant's identity is more important than the government's privilege of non-disclosure, the defendant has not and cannot meet his burden of demonstrating the same to the Court. In addition, in considering the factors listed by the United States Supreme Court in <u>Roviaro</u>, the Court should find that all of these factors balance in favor of non-disclosure in this case. Due to the specific nature of the charges, the characteristics of the informants, and the lack of importance of their testimony to the defendant, the

Court should deny the defendant's motion to disclose the identity of the remaining, un-named informants.

For all of these reasons, the government respectfully requests that the Court deny the defendant's motion to suppress in this case.

        Respectfully submitted,

        Deborah Groom
        Acting United States Attorney

By:  */s/ Clay Fowlkes*
        Clay Fowlkes
        Assistant U.S. Attorney
        Arkansas Bar No. 96154
        P. O. Box 1524
        Fort Smith, AR 72902
        479-783-5125

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of July, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing electronically to:

Jeff Harrelson
Don Irvin

        */s/ Clay Fowlkes*
        Clay Fowlkes
        Assistant U.S. Attorney