IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  4:08CR40020-001 |
| | ) | |
| BERNIE LAZAR HOFFMAN | ) | |
| a/k/a TONY ALAMO | ) | |

**RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

Comes now the United States of America, by and through Deborah Groom, Acting United States Attorney for the Western District of Arkansas, and for its response to the defendant's motion filed herein, states:

**PROCEDURAL AND FACTUAL HISTORY**

The defendant was arrested on September 25, 2008, on an arrest warrant that was issued by the Court after the United States filed a criminal complaint against the defendant.  (Document 1).  Previous to the defendant's arrest, on September 20, 2008, a special agent with the Federal Bureau of Investigation applied for, obtained, and executed a search warrant on a residence located at 100 Circle Drive in Fouke, Arkansas.  (Document 7-1).  The Grand Jury for the Western District of Arkansas later indicted the defendant in a two-count indictment that was filed on October 1, 2008.  (Document 4).  Later, the Grand Jury for the Western District filed another indictment against the defendant; this superceding indictment contained ten counts against the defendant, alleging that the defendant took or was aided and abetted in the taking of minor females across state lines for the purpose of initiating or maintaining an unlawful sexual relationship with them.  (Document 33).  Finally, the Grand Jury issued a second superceding

indictment, which contained the same number and types of counts against the defendant, but changed one of the dates of the alleged criminal violation. (Document 71). This case is currently set for a jury trial on July 13, 2009 in Texarkana, Arkansas. On July 9, 2009, the defendant, through his attorneys, filed a motion in limine that seeks to exclude evidence in the jury trial. (Document 92).

The government objects to this motion and respectfully requests the Court deny the defendant's motion in limine.

## ARGUMENT

In his motion, the defendant initially requests the Court to find inadmissible any evidence of the defendant's relationship with other women over the age of majority. This issue was initially brought to the Court's attention in a notice filed on May 4, 2009 by the government which informed the Court and the defendant that some of the evidence the government would present to the jury in this case would include the defendant's relationships with other women. (Document 63). As noted in the government's notice, this evidence should be admissible for a number of reasons.

### I. Evidence of the Defendant's Other Relationships is Admissible Pursuant to the Theory of "Res Gestae," Federal Rule of Evidence 413, and also Qualifies as an Exception to Federal Rule of Evidence 404(b)

If evidence of other crimes or wrongs committed by the defendant is so intertwined with the evidence of the charged crime, Federal Rule of Evidence 404(b) does not control its admissibility. Rather, the admissibility of such evidence is controlled by the theory of "res gestae." This theory of admissibility provides that evidence that completes the story or explains the relationship of the parties may be admissible without the Court's consideration of Federal

Rule of Evidence 404(b).  <u>United States v. Aldridge</u>, 561 F.3d 759, 766 (8th Cir. 2009).  As set forth in the government's notice, evidence of the defendant's relationships with women other than those who are victims alleged in the indictment helps complete the story in this case.  This evidence explains why the defendant lived in the same house simultaneously with other females.  This evidence demonstrates to the jury the reasons behind the defendant traveling across state lines with multiple female residents of the defendant's home.  In addition, according to <u>Aldridge</u>, "res gestae" evidence may also be admissible to help explain the relationship of the parties.  In <u>Aldridge</u>, the defendant was charged with aiding and abetting in the filing of false tax returns.  During the trial, the government introduced evidence that the defendant's secretary committed perjury.  In order to explain why the defendant's secretary committed a crime, the government also introduced evidence that the defendant and his secretary were having an illicit affair.  The defendant in that case objected and argued on appeal that the evidence regarding the illicit affair should have been excluded pursuant to Federal Rule of Evidence 404(b).  The court disagreed and noted:

> First, regarding the affair, Rule 404(b) does not bar evidence that completes the story of the crime or explains the relationship of the parties. <u>See</u> <u>United States v. Rock</u>, 282 F.3d 548, 551 (8th Cir.2002); <u>United States v. Rodrequez</u>, 859 F.2d 1321, 1326 (8th Cir.1988). In this case, James Aldridge's relationship with his secretary was offered to prove why she perjured herself before the grand jury: to protect James Aldridge at his request. The secretary's testimony about the relationship was also necessary to establish how she obtained detailed knowledge of the workings of CMI and LCGT.  <u>Id.</u>

There simply is no better nor more clear evidence to explain the relationship between all the parties in this case other than showing the defendant had sexual relationships with several women in addition to the victims of the charges contained in the indictment.  Such evidence is admissible under the theory of "res gestae."

Alternatively, the Court should also note that such evidence would be admissible under the separate theory that such evidence constitutes evidence of similar crimes in sexual assault cases, which are admissible pursuant to Federal Rule of Evidence 413. This rule provides that "In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on matter to which it is relevant." F.R.E. 413(a). In this case, the government anticipates introducing testimony that would include the defendant's sexual relationships with other females under the age of eighteen. Such relationships constitute a violation of state law, some of which involves conduct that violates the very same Arkansas State Laws alleged in the indictment filed in this case. (Document 71). For this reason, the Court should find that such evidence of other sexual relationships is admissible pursuant to Federal Rule of Evidence 413.

Finally, even if the Court determines such evidence is not "intrinsic" to the facts of this case and that the evidence does not qualify for admission pursuant to Federal Rule 413, the proposed evidence is still admissible as an exception to Rule 404(b) of the Federal Rules of Evidence. This rule precludes the admission of testimony related to other crimes or bad acts on committed by the defendant. However, the rule provides several exceptions under which such evidence may be admissible. Three of the exceptions to Rule 404(b) apply to the proposed evidence of the defendant's other sexual relationships.

The first applicable exception listed under Rule 404(b) is "proof of motive." Evidence of the defendant's relationships with other women would certainly qualify as proof of his motive to initiate and maintain unlawful sexual relationships with the victims of the charges alleged in the

indictment. For instance, the defendant's prior relations with minor females demonstrates that his true motive in having the victims in this case live under the same roof was not to have them work in the "office," but rather to initiate and maintain a sexual relationship with them. In addition, it demonstrates that his true motive in transporting the victims of this case across state lines at various times and in various ways, was not to merely have them available for "office work," but that would allow him to maintain his sexual relationship with each of them.

The second exception listed in Rule 404(b) that applies to this case is that of "intent." This exception is closely related to "proof of motive" in that the evidence in this case qualifies for admission for the same reasons listed above. There is no question that evidence of the defendant's other sexual relationships is invaluable in demonstrating his intent to initiate and maintain a sexual relationship with the victims of this case. For instance, evidence that the defendant previously had a sexual relationship with a minor female after arranging for her to leave her family and move into the same house that he was living in clearly demonstrates defendant's intent in making the same arrangements for each of the victims in this case. There is no more effective way of demonstrating the defendant's intent in this case than showing the defendant's pattern of sexual relationships that occurred in the exact same manner.

The third applicable exception listed in Rule 404(b) is evidence that indicates the defendant's "plan." The proposed evidence of the defendant's other sexual relationships demonstrates that the defendant had a plan to initiate and maintain a sexual relationship with the victims of this case. Evidence that the defendant previously had sexual relationships with young girls who lived in the same house shows that when he arranged for the victims in this case to

move into the house in which he lived, he certainly had the same plan for those victims that he had already executed with other girls.

The Court should find that the proposed evidence of other sexual relationships that the defendant initiated and maintained with women other than the victims of this case is "intrinsic" to this case, closely intertwined with the facts of this case, and helps explain the story and the relationship of the parties and is admissible pursuant to the theory of "res gestae." However, even if the Court finds that such evidence is not "intrinsic" to the facts of this case, the Court should still find that the evidence is admissible under Federal Rule of Evidence 413 because it represents evidence of other sexual assaults committed by the defendant. Finally, even if the Court finds that "res gestae" does not apply, and that the evidence does not qualify for admission pursuant to Rule 413, the Court should still find that the evidence is admissible because it qualifies under three of the exceptions listed in Federal Rule of Evidence 404(b).

## II. Evidence of the Defendant's Beliefs Regarding Polygamy Should be Admissible

The defendant additionally seeks to exclude evidence related to the defendant's beliefs regarding the practice of polygamy. The government anticipates that some of the testimony in this case will demonstrate that the defendant often recited wedding vows with the victims of the charges listed in the indictment in this case. In addition, there will be evidence presented that the defendant purchased wedding rings for the victims in this case, and would refer to the victims as his "wives." Finally, the government also anticipates that there will be significant evidence regarding the defendant's publicly stated views regarding polygamy, or one man being married to multiple women. The defendant seeks to have the court exclude this evidence based on the assertion that there "is no nexus between polygamy and the charges in the indictment."

(Document 93, page 2). A nexus indeed exists between the defendant's beliefs regarding polygamy and the charges in the indictment because the defendant exchanged wedding vows with the victims, gave them wedding rings, and referred to them as his "wives." This evidence clearly explains why the defendant arranged for the victims to travel out-of-state, why he arranged for them to move into the same house he resided in, and also indicates how he justified maintaining sexual relationships with several different women during the same time period. In fact, the government would be hard-pressed to find more probative evidence of the defendant's intent with regard to the interstate travel alleged in the indictment in this case.

It is clear that evidence regarding the defendant's beliefs on marriage to multiple women is very probative of the issues the jury will be required to decide in this case, and that this probative value far outweighs any prejudicial nature the evidence may have. As such, the Court should find that such evidence is admissible and deny the defendant's motion in limine.

### III. Evidence Regarding the Defendant's Involvement in and Conviction from a Criminal Jury Trial in Memphis, Tennessee in 1994 Should be Admissible in this Case.

Next, the defendant asks the Court to find that evidence surrounding the defendant's involvement in or convictions stemming from any previous criminal jury is inadmissible. This evidence is crucial because it involves three out-of-state trips for defendant's preparation for, participation in, and supervised release after conviction in a federal criminal jury trial for tax evasion in Memphis, Tennessee in 1994.

Evidence will be introduced that the defendant took a trip from the Western District of Arkansas to West Virginia for trial preparation and then later returned to the Western District of Arkansas. The defendant took one of the underage females on this trip in order to continue and maintain an on-going sexual relationship with her. (Count Eight). The defendant also took

another out-of-state trip with a minor female as alleged in Count Nine of the second superceding indictment to the defendant's criminal jury trial in Memphis, Tennessee. Both of these trips involved interstate travel, and on both trips the defendant transported, or was aided and abetted in the transportation of, minor victims for the purpose of maintaining a sexual relationship with them. In addition, the government anticipates introducing records of another trip that the defendant took after he was released from prison, but while he was still under "supervised release" conditions. This evidence consists of written requests by the defendant to travel out-of-state and lists his traveling companions, one of which was Jane Doe #3 from the indictment. This trip is represented in Count Six of the second superceding indictment.

The Court should deny the defendant's motion and allow the introduction of evidence surrounding the defendant's participation and involvement in the 1994 criminal jury trial for tax evasion because it is "res gestae" evidence and helps provide a complete picture of the charges on the indictment. In addition, this evidence is also admissible under Rule 404(b) of the Federal Rules of Evidence, as it is evidence regarding the defendant's motive, intent, and opportunity to commit the crimes charged in the indictment.

**A. Res Gestae**

Rule 404(b) of the Federal Rules of Evidence provides for a general prohibition against the introduction of prior bad acts or character evidence for the purpose of demonstrating that the defendant acted in conformity with those bad acts or character traits in committing the currently charged acts. However, an exception has been carved into the Rule providing that Rule 404(b) does not apply to evidence that is "intrinsic" to the charged crimes, such evidence is often classified as *res gestae*. United States v. Riebold, 135 F.3d 1226, 1229 (8th Cir. 1998)(holding

that when evidence is admitted under the theory of *res gestae*, Rule 404(b) is not implicated). In other words, *res gestae* evidence is considered evidence that provides the context for the crime that was committed. This evidence may consist of other crimes or bad acts committed by the defendant, provided they are considered evidence that helps provide the context for the crime.

The Eighth Circuit Court of Appeals has discussed and noted the following regarding *res gestae* evidence: "A jury is entitled to know the circumstances and background of a criminal charge. It cannot be expected to make its decision in a void-without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." United States v. Moore, 735 F.2d 289, 292 (8th Cir.1984). Evidence may be admitted under the theory of *res gestae* when it falls into one of three different categories: 1) the activity is so blended or connected with the one on trial as that proof of one incidently involves proof of the other; 2) the additional evidence explains the circumstances thereof; or 3) the evidence tends logically to prove any element of the crime charged. The evidence noted in the previous section which the government seeks to introduce in this case falls into all three of the categories of *res gestae*.

**1. The Defendant's Previous Criminal Trial is so Blended or Connected with the Charges in this Case that Proof of these Charges Incidently Involves Reference to the Defendant's Criminal Trial in 1994.**

When a crime or other act not charged against the defendant is so blended or connected with the charges filed, such evidence may be admissible under the theory of *res gestae*. In this case, it is clear that evidence of the defendant's out-of-state trips upon which he transported, or directed that some other person transport, minor females for the purpose of maintaining a sexual relationship with them will be introduced during the jury trial. As a matter of course, the same testimony will naturally include evidence of the defendant's involvement in a criminal jury trial

in Memphis, Tennessee in 1994. This evidence is blended or connected with the evidence of the trips and sexual encounters because three of these interstate trips occurred in connection with defendant's prior criminal jury trial. The evidence at trial will be that one of these interstate trips was taken to conduct legal work for defendant's impending tax evasion trial. Another interstate trip was taken to transport the defendant's victims to Memphis, Tennessee, where the defendant maintained a sexual relationship with the victims during the time the jury trial was going on.

In United States v. Petary, 857 F.2d 458 (8th Cir. 1988), the court was presented with a kidnaping case in which the government sought to introduce evidence regarding an assault and a rape that occurred during the course of the kidnaping charges. The court held that such evidence was admissible as *res gestae* because "...the other crimes constituted an integral part of the operative facts of the crime charged, kidnaping." Id. at 461. Similarly, in this case, evidence of the defendant's prior criminal jury trial constitutes an integral part of the operative facts of the crimes charged in the second superceding indictment, that is, the transportation of underage females across state lines for the purposes of initiating or maintaining a sexual relationship with them. As such, this evidence is admissible as the first type of *res gestae* evidence, in that it is so blended and connected with the charges filed against the defendant that proof of one necessarily involves proof of the other.

## 2. The Defendant's Previous Criminal Trial Explains the Circumstances of the Charges in this Case

The second type of *res gestae* evidence that is admissible is evidence that explains the circumstances of the charged crime. In United States v. Ball, 868 F.2d 984 (8th Cir. 1989), the Court of Appeals considered a case in which the defendant was charged with assaulting a federal officer. During the trial, the government presented testimony from an officer regarding

statements that the defendant made after the assault allegedly occurred. These statements included some that could be construed as threatening towards the officer who was the victim of the alleged assault. The court held that such evidence was admissible under the theory of *res gestae*. Specifically, the Eighth Circuit noted that "...the challenged statements clearly explain the circumstances of this incident. Specifically, they illustrate that the assault was not an accident." Id. at 988. Likewise, in this case, the evidence surrounding the defendant's involvement in a criminal jury trial in 1994, his conviction in that case, the term of imprisonment he was ordered to serve, and his term of supervised release explains the circumstances of some of the crimes charged. Specifically, as noted above, two of the charges were directly related to interstate travel the defendant took in part to prepare for the criminal jury trial. A third charge pertains to interstate travel undertaken while on supervised release. Such evidence is clearly admissible as the second type of *res gestae* evidence, that is, evidence that explains the circumstances of the crimes charged in the indictment.

**3. Evidence of the Defendant's Previous Criminal Trial Tends to Logically Prove Elements of the Charges on the Indictment in this Case**

In United States v. Holliman, 291 F.3d 498 (8th Cir. 2002), the Court of Appeals reviewed a case in which the defendant was charged in a conspiracy to transport stolen cars across state lines. During the course of the trial, the government presented testimony from unindicted co-conspirators concerning certain items that were stolen, but not specifically alleged in the indictment. The Court held that the testimony was admissible based on the doctrine of *res gestae*. In so holding, the Eighth Circuit Court of Appeals noted that the evidence was "...sufficiently connected to the charged crimes that it tended logically to prove elements of these crimes." Id. at 502. The same reasoning is true for the evidence in this case regarding the

defendant's involvement and conviction in a prior criminal trial. For instance, some of the evidence regarding the defendant's term of supervised release that helps to logically prove the elements of the charges in this case includes the records of the defendant's probation officer, John Mooney. These records indicate that the defendant requested permission and took several trips across state lines. In addition, these records also indicate that the defendant informed his probation officers that some of the victims of the indictment in this case would be traveling with him across state lines. It is clear that such evidence should be admissible under the theory of *res gestae*, as it tends to logically prove elements of the crimes the defendant is charged with in the indictment filed against him in this case.

**B.  Federal Rule of Evidence 403**

Another condition for the admissibility of evidence under the theory of *res gestae* is that such evidence must also be admissible under the balancing test of Rule 403 of the Federal Rules of Evidence. In United States v. Bass, 794 F.2d 1305, 1312 (8th Cir. 1986), the Eighth Circuit Court of Appeals referred to *res gestae* evidence and noted: "We hasten to add, however, that taking such evidence out of the scope of 404(b) analysis does not remove all limits on the admission of detailed wrongful acts testimony. The dictates of rule 403 must still be applied to ensure that the probative value of this evidence is not outweighed by its prejudicial value."

Rule 403 provides that evidence is not admissible if it is unfairly prejudicial to the defendant. In other words, evidence must not be more prejudicial than it is probative. The evidence sought to be introduced in this case under the theory of *res gestae* is clearly probative on several issues in this case. The evidence regarding the defendant's involvement in a prior criminal jury trial demonstrates the motivation behind his interstate travels, some of which are

charged in the second superceding indictment. In addition, evidence of the defendant's requests propounded to his probation officer for permission to travel outside the State of Arkansas are probative of the defendant's intent to take multiple trips out-of-state, which is one of the elements the government is required to prove in this case. Finally, evidence of the defendant's prior criminal jury trial also helps demonstrate that the defendant intended that the victims of these charges accompany him on these out-of-state trips at his direction. The evidence sought to be introduced as *res gestae* is probative on many issues that the jury will be faced with during the course of this trial, and this clearly outweighs any prejudicial effect the evidence may have.

**C. Federal Rule of Evidence 404(b)**

Evidence regarding the defendant's involvement in a criminal jury trial in 1994 is admissible under the theory of "res gestae," however, even if the Court finds otherwise, the evidence is also admissible as an exception to the Federal Rule of Evidence 404(b). As noted above, this rule precludes the admissibility of other crimes or wrongs unless such evidence qualifies as one of the listed exceptions to Rule 404(b). In this case, evidence of the defendant's 1994 criminal jury trial is admissible because it represents evidence of the defendant's motive, intent, and opportunity to commit the crimes listed on the indictment.

The evidence is clearly admissible as it shows the defendant's motive to arrange for the victims in this case to take out-of-state trips. As noted above, four of the counts on the indictment in this case directly relate to the defendant's 1994 criminal jury trial. There simply is no better evidence that establishes the defendant's motive to commit these crimes in the way he committed them. The dates, times, and reasons behind the trips are all relevant to show why the defendant arranged for the victims to travel. As such, Rule 404(b) provides for the admissibility

of this evidence and the Court should deny the defendant's motion in limine to exclude the evidence.

Evidence relating to the defendant's 1994 criminal jury trial is also admissible because it represents evidence that demonstrates the defendant's intent.  This exception to Rule 404(b) best relates to Count Nine of the indictment.  The government anticipates that the evidence in this case will demonstrate that the defendant spent a significant portion of his time prior to the 1994 criminal jury trial, preparing for that trial.  This preparation included conduct alleged in Count 8 of the second superceding indictment, which was an interstate trip to locate and interview a prospective witness.  It was because of the significance of the preparation for this trial that the defendant knew the magnitude of the charges would necessitate a lengthy jury trial in Memphis, Tennessee.  The evidence will show that the defendant, acting upon this knowledge that the jury trial would take a significant period of time, arranged for Jane Doe #4 to travel to Memphis, Tennessee, to take up residence with him for the duration of the lengthy jury trial.  There is no better evidence that the defendant intended to arrange this trip in order to maintain a sexual relationship with Jane Doe #4 than evidence showing why he took a trip that was expected to last so many days in Memphis, Tennessee.  This evidence is highly probative of the defendant's intent with regard to Count Nine and, as such, it is admissible pursuant to Federal Rule of Evidence 404(b).

Finally, evidence of the defendant's 1994 criminal jury trial is admissible because it represents evidence of the defendant's opportunity to commit some of the crimes charged in the indictment filed in this case.  For instance, the defendant was provided an opportunity for the out-of-state trips charged in Counts Six, Eight, and Nine of the indictment by his involvement in

a criminal jury trial and his resulting term of supervised release. Because of the travel necessitated for preparation and transportation to Memphis, Tennessee, the defendant had an opportunity to transport the victims in this case across state lines. As such, there is simply no better evidence of the defendant's opportunity to commit these crimes than evidence that shows why it was necessary for the defendant to take many lengthy trips outside the State of Arkansas.

Evidence surrounding the defendant's preparation for his criminal trial, conviction, and resulting supervised release will not be introduced for the purpose of demonstrating the defendant is a bad person. Rather, such evidence is highly probative of the defendant's motive, intent, and opportunity to commit the charged crimes. The Court should find that this evidence is admissible pursuant to Rule 404(b) of the Federal Rules of Evidence and deny the defendant's motion in limine.

**IV. Evidence Regarding the Beatings Administered by the Defendant or at the Defendant's Instructions is Admissible in this Case pursuant to Federal Rule of Evidence 404(b).**

The defendant also requests the Court to find that evidence regarding the beatings of any person by the defendant or someone acting on behalf of the defendant inadmissible in this jury trial. Although not addressed by the defendant's memorandum in support of his motion, it is presumed that the defendant would assert that such evidence should be inadmissible because of Federal Rule of Evidence 401, 402, 403, and 404. With regard to Federal Rules of Evidence 401 and 402, this evidence is admissible because it is relevant to the jury's determination of the defendant's guilt of the charges listed in the indictment. The government anticipates that testimony will be presented to the jury showing that the defendant physically abused the victims in this case in addition to the sexual abuse that is charged in the indictment. This evidence is relevant because it demonstrates one of the ways in which the defendant was able to control the

victims in this case to enable him to commit the crimes charged in the indictment. Specifically, the evidence will demonstrate that the defendant instilled fear in the victims of physical abuse that he or someone acting on his behalf would administer if they did not comply with his instructions. Since this shows the jury one way in which the defendant was able to convince and control his victims, there is no question that this evidence is relevant to the charges on the indictment.

This leads naturally into the anticipated question of this evidence's admissibility pursuant to Federal Rule of Evidence 403. Again, as noted above, Rule 403 provides that evidence that is *substantially* more prejudicial than probative is not admissible. This evidence is prejudicial against the defendant. However, as noted above, it is also highly relevant and probative to important issues that the jury will have to decide in this case. This evidence demonstrates *how* the defendant was able to commit the crime and although the evidence is prejudicial, there is clearly no question that the evidence is more probative than it is prejudicial and therefore not precluded by Rule 403.

Finally, it is also presumed that the defendant would argue that the evidence of physical abuse is inadmissible pursuant to Rule 404 of the Federal Rules of Evidence. It is well-settled law that Rule 404 is not a rule of exclusion, but rather was designed and intended to be a rule of inclusion. Therefore, the rule is designed to ensure that evidence helpful to the jury which is indicative of the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake will be admissible. From this perspective, it is clear that evidence of the physical abuse in this case indicates the defendant's plan. The defendant used nearly the exact same *modus operandi* with the victims in this case. He used the fear of physical abuse that he

instilled in the victims as one way to control them, thereby permitting him to commit the crimes alleged in the indictment filed against the defendant in this case.  In United States v. Evans, 285 F.3d 664, 670 (8th Cir. 2002), the Eighth Circuit Court of Appeals was presented with a case in which the defendant was charged with multiple counts of transporting individuals in interstate commerce for prostitution.  In the case, several witnesses testified that the defendant would routinely physically abuse the women who were transported for the purpose of prostitution.  The defendant objected and argued on appeal that this evidence should have been excluded pursuant to Rule 404(b).  However, the court noted that this evidence was properly admitted during that case because it demonstrated how the defendant was able to control the victims.  Specifically, the court noted that "These violent acts are relevant and probative of Mann Act violations because they were done to control and discipline prostitutes, regardless of whether Mr. Evans also had "domestic" relationships with the same prostitutes."  Id.

The same reasoning is applicable to this case.  The Court should find that such evidence of physical abuse is relevant and admissible because it is demonstrative of the defendant's control of the victims in this case.

## **CONCLUSION**

The court should deny the defendant's motion in limine in this case because the evidence the defendant seeks to exclude is admissible for all the reasons listed above.  The evidence regarding the defendant's other sexual relationships, the defendant's prior criminal jury trial, conviction, and term of supervised release, the defendant's beliefs regarding polygamy, and evidence of the defendant's physical abuse of the victims is admissible pursuant to the theory of

"res gestae," and are exceptions listed in Federal Rule of Evidence 404(b) as evidence otherwise relevant and highly probative that far outweighs any prejudice.

The government respectfully requests that the Court deny the defendant's motion in limine in this case.

        Respectfully submitted,

        Deborah Groom
        Acting United States Attorney

By:   /s/ Clay Fowlkes
        Clay Fowlkes
        Assistant U.S. Attorney
        Arkansas Bar No. 2003191
        P. O. Box 1524
        Fort Smith, AR 72902
        479-783-5125

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing electronically to:

Jeff Harrelson
Attorney at Law

Don Irvin
Attorney at Law

Phillip Kuhn
Attorney at Law

        /s/ Clay Fowlkes
        Clay Fowlkes
        Assistant U.S. Attorney