IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:08cr40020-001 |
| | ) | |
| | ) | |
| | ) | |
| BERNIE LAZAR HOFFMAN | ) | |
| a/k/a TONY ALAMO | ) | |

## ORDER

Before the Court is a Motion for New Trial filed by Defendant Bernie Lazar Hoffman, also known as Tony Alamo. (Doc. 109). The Government has responded. (Doc. 112). The Court finds the matter ripe for consideration.

## BACKGROUND

Defendant was charged in a Second Superseding Indictment with ten (10) counts of transporting minor females across state lines to engage in illegal sexual activity with the minor females in violation of 18 U.S.C. section 2423(a) and 18 U.S.C. section 2. Defendant's trial began on July 13, 2009 and ended on July 24, 2009. The Court held two pre-trial conferences. The last pre-trial conference was held on July 10, 2009. In this last pre-trial conference, the Court addressed the Defendant's Motion to Suppress and it was denied. (Doc. 96). Additionally, the Courted granted in part and denied in part Defendant's Motion in Limine. (Doc. 96). Finally, the Court addressed requests for production of documents along with other pretrial matters brought before the Court. At the conclusion of the trial, the jury rendered a verdict of guilty on all ten counts of the Second Superseding Indictment. Defendant was remanded to the custody of the United States Marshals

pending sentencing. A pre-sentence report was ordered. The Court now considers Defendant's Motion for New Trial.

STANDARD OF REVIEW

A. Motion for New Trial

Rule 33 of the Federal Rules of Criminal Procedure provides that upon the defendant's motion, the court may vacate a judgment and grant a new trial if the interest of justice so requires. A district court is granted broad discretion in considering a motion for new trial. *United States v. Peters,* 462 F.3d 953, 957 (8th Cir. 2006). The district court may weigh the evidence. *United States v. Lanier,* 838 F.2d 281, 284-85 (8th Cir. 1988). However, a  new trial may be granted under Rule 33 "only if the evidence weighs heavily enough against a verdict that a miscarriage of justice may have occurred." *Id;* see also *United States v. Starr,* 533 F.3d 985, 999 (8th Cir. 2008). "The granting of a new trial under Rule 33 is a remedy to be used only 'sparingly and with caution.'" *United States v. Dodd,* 391 F.3d 930, 934 (8th Cir. 2004)(citing *United States v. Campos,* 306 F.3d 577, 579 (8th Cir. 2002)(quoting *United States v. Lincoln,* 630 F.2d 1313, 1319 (8th Cir. 1980))).

B. Rule 29 Motion for Judgment of Acquittal

Because the Defendant, in his Motion for New Trial, asserts that the Court erred in denying his Rule 29 Motion (Motion for Judgment of Acquittal) and basically reasserts this motion, the standard of review for such motion will be applied to this particular assertion. Rule 29 of the Federal Rules of Criminal Procedure provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." "A motion for judgment of acquittal should be granted only where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements of the crime charged." *United States v.*

*Mundt,* 846 F.2d 1157, 1158 (8th Cir. 1988).The Court must uphold the jury's verdict so long as "a reasonable minded jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Hayes,* 391 F.3d 958, 961 (8th Cir. 2004). It is not the Court's place to weigh the evidence or evaluate the credibility of witnesses under a Rule 29 motion. *Hayes,* 391 F.3d at 961. That duty is for the jury. *Id.*

<u>DISCUSSION</u>

Defendant argues that the Court committed error: 1) by denying Defendant's Rule 29 Motion; 2) by refusing to have the government produce any original notes of interviews with the witnesses, any Wellspring Counseling Center records, and any additional FBI FD-302s ("302s"); 3) by failing to require the government to reveal the identity of two confidential informants; 4) by denying Defendant's Motion to Suppress; 5) by allowing into evidence over Defendant's objections irrelevant and prejudicial evidence in violation of Federal Rules of Evidence 401, 403, and 404; 6) by allowing witnesses Jennifer Kolbeck and Sue Davis to exercise their Fifth Amendment rights in front of the jury; 7) by denying Defendant's motion for a mistrial based on the prosecutor's statement in her closing argument; 8) by denying Defendant's Rule 29 motion on count two as it was not supported by proper venue; and 9) by denying portions of Defendant's Motion in Limine.

<u>1) Rule 29 Motion</u>

The Court will begin with Defendant's argument that the Court erred in denying his Rule 29 Motion for Judgment of Acquittal. Defendant asserts that the government failed to prove the elements of the offenses alleged in the Second Superseding Indictment beyond a reasonable doubt. The Court notes that this assertion seems to be one for a judgment of acquittal, on the grounds that the verdict is contrary to the weight of the evidence, rather than one for a new trial. For this reason,

3

the Court will apply the standard of review for a Rule 29 motion for judgment of acquittal.[1]

Defendant was charged with ten (10) counts of transporting minor females across state lines for the purpose of engaging in illegal sexual activity with the minors in violation of 18 U.S.C. section 2 and section 2423(a). Section 2423(a) states: "[a] person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life." 18 U.S.C. § 2423(a). Section 2 states: "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal . . . [w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principle." 18 U.S.C. § 2. The sexual activity with the minor must be a dominant motive of the travel. *United States v. Cole,* 262 F.3d 704, 709 (8th Cir. 2001).

Defendant argues that there was insufficient evidence to prove that the dominate purpose of the travel was sex with the minor females. Additionally, he argues that in several of the counts it was

---

[1]The Court notes that it is difficult to determine from Defendant's Motion for New Trial if he is also alleging that the verdict is contrary to the weight of the evidence, which would warrant a new trial. In an effort to be thorough the Court will briefly address the potentially made argument. The Court finds that the evidence does not weigh heavily enough against the verdict that a miscarriage of justice has occurred. *See United States v. Huerta-Orozco,* 272 F.3d 561, 565 (8th Cir. 2001). The Court did not view the evidence in the light most favorable to the government in coming to this conclusion. *Id.* Here, the minor females testified that Defendant engaged in illegal sexual contact with each of them either before, during, or after interstate travel and that Defendant controlled each of their travels. The defense witnesses' testimony directly contradicted the minor females' testimony. In cases such as this one, where the choice is between two stories and it is up to the jury to determine which it believes, the trial judge should not grant a new trial on the grounds that the verdict is contrary to the weight of the evidence. *Id.* at 566. Therefore, the Court finds that Defendant is not entitled to new trial based on these grounds.

not Defendant's idea to take or send the minor females on interstate trips. Finally, Defendant argues that there was no evidence of sex with the minor females while actually on the trip in many of the counts.

First, the Court notes that the Defendant's first and third arguments are meritless. The government is not required to prove that sex with the minor females was *the* dominate purpose of the trips, or that sexual conduct occurred while actually on the trip. "The evidence need only establish that the illegal sexual activity was at least one of [Defendant's] purposes in transporting [the minor females] in interstate commerce." *Cole,* 262 F.3d at 709. Additionally, section 2423(a) prohibits transporting a minor in interstate commerce with the *intent* that the individual engage in illegal sexual activity. 18 U.S.C. § 2423(a). The law requires only that an illicit intent must have been formed before the conclusion of the interstate journey. *Cole,* 262 F.3d at 708. It is the illicit intent along with the travel that is the violation. Therefore, Defendant's first and third arguments are meritless.

Defendant also contends that in several of the counts charged it was not Defendant's idea to take or send the minor females in interstate travel. Defendant cites testimony from defense witnesses Alys Ondrisek and Jennifer Kolbeck in support of this contention. The Court notes that the testimony from defense witnesses directly contradicted the testimony given by the government witnesses. It is not the Court's place to weigh the evidence or evaluate the credibility of witnesses in a Rule 29 motion. *Hayes,* 391 F.3d at 961. It is not the duty of the Court to determine which witnesses to deem credible. *Id.* Each minor female testified that Defendant engaged in illegal sexual activity with her before, during, or after each trip and that Defendant controlled each of their travels. The Court finds that this evidence would allow a reasonable minded jury to find Defendant guilty beyond a reasonable doubt. Accordingly, the Court again finds that Defendant is not entitled to a Rule 29

judgment of acquittal.

2) Documents not produced to Defendant

All of Defendant's other assertions fall under the standard of review for a Rule 33 motion for new trial and will be analyzed under that standard. First, Defendant argues that the Court erred in denying Defendant's request for production of:  1) any records from Wellspring Counseling Center; 2) any additional 302s from the FBI; and 3) any original notes of interviews with the witnesses and other government agents' notes. The Court addressed these requests in the pre-trial conference on July 10, 2009. The Court asked the government if it was in possession of any Wellspring Counseling Center records, additional 302s, or any original notes of interviews that it had not provided to Defendant. The government informed the Court that it was not in possession, nor had it ever been in possession, of any records from Wellspring Counseling Center and  that it had provided to Defendant any and all notes of interviews and 302s in existence. The Court then denied Defendant's requests because the government could not produce 302s or original notes that did not exist. The government also could not produce Wellspring Counseling Center records that it did not possess. The Court finds that its denial of Defendant's requests does not warrant a new trial.

3) Identity of Informants

Defendant next argues that he is entitled to a new trial because the Court erred in failing to require the Government to reveal the identity of two confidential informants. The Court disagrees. Defendant did not show the Court that his right to the information outweighed the government's traditional privilege to withhold the identity of a confidential informant. *Roviaro v. United States,* 353 U.S. 53, 59-62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). "In order to override the government's privilege of non-disclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." *United States v. Harrington,* 951 F.2d

6

876, 877 (8th Cir. 1991). Pursuant to this standard, the confidential informant's statement which served as the basis for a search warrant but who is not a necessary witness to the facts does not have to be identified. *United States v. Hollis,* 245 F.3d 671, 674 (8th Cir. 2001)(citing *United States v. Moore,* 129 F.3d 989, 992 (8th Cir. 1997)). Defendant did not met this standard of proof in pretrial conference and he does not do so now. The Court finds that Defendant has not shown that the Court erred in denying Defendant's request for identification of the Government's two confidential informants.

### 4) Motion to Suppress

Defendant also argues that the Court erred in denying his Motion to Suppress all evidence collected during the September 20, 2008 search because the affidavit supporting the search warrant was lacking reliability and the warrant was based on stale information. The Court denied this motion in the pretrial conference on July 10, 2009. The Defendant has not offered anything to support this assertion. Therefore, the Court finds that its denial of Defendant's Motion to Suppress does not warrant a new trial.

### 5) Evidence Rulings

Next, Defendant asserts that the Court's cumulative evidentiary rulings in violation of Federal Rules of Evidence 401, 403, and 404 denied Defendant a fair trial. The Court finds these arguments without merit. First, Defendant asserts the Court improperly allowed evidence of Defendant's relationships with adult women. The evidence allowed regarding Defendant's relationships with adult women was done so to put into context the witnesses testifying. This evidence was relevant and its probative value was not substantially outweighed by its potential prejudicial effect. Fed. R. Evid. 403.

Second, Defendant asserts that the Court improperly allowed evidence regarding Defendant's

control over the Tony Alamo Christian Ministries. The Court allowed this control evidence because it was relevant and probative as to whether or not Defendant had the ability to transport the minor females interstate. Defendant, not being able to drive himself, needed the help of members of his ministry to transport the minor females across state lines. This fact made the control evidence relevant under Rule 401. The probative value of the control evidence was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403.

Third, Defendant argues that evidence of his prior tax evasion trial was improperly admitted. The Court allowed this evidence because it was relevant to counts 5, 6, and 9 of the indictment. The first sexual contact charged between Defendant and Jane Doe #3 occurred while Defendant was incarcerated subsequent to his tax evasion trial. (counts 5 and 6). Additionally, it was relevant to count 9 because it was offered to show that Jane Doe #4 was transported to Tennessee for the duration of the Defendant's tax evasion trial. Finally, it explained why the Defendant would request permission from a probation officer to transport Jane Doe #3 across state lines. The Court did not allow the tax evasion trial as character evidence, but instead, only as it was relevant to Counts 5, 6, and 9.

Fourth, Defendant contends that evidence regarding assault, battery, and corporal punishment was improperly admitted. The Court notes that this evidence came to light during the cross examination, by defense counsel, of one of the minor females. The Court will not grant a new trial based on testimony elicited by defense counsel on cross examination, which they did not object to at the trial.

Fifth, Defendant argues that the Court improperly admitted recorded jailhouse conversations. The Court disagrees. The Court reviewed, *in camera,* the tapes before allowing them into evidence.

8

The Court then ruled that only portions of redacted conversations could be admitted into evidence. These portions of conversations that were admitted were relevant to prove the conduct charged and Defendant's control over the Tony Alamo Christian Ministries and its members. The probative value of the tapes was not substantially outweighed by its potential prejudice. Fed. R. Evid. 403.

Finally, the Defendant argues that the Court committed error by allowing the testimony of 404(b) witnesses. The Defendant does not identify specifically which witness's testimony he is challenging. The Court allowed arguments regarding any 404(b) witnesses prior to trial and ruled that they would be allowed to testify. This testimony had the purpose of completing the story of the crime or explaining the relationships of the parties. This type of evidence is not barred by Rule 404(b). *United States v. Aldridge,* 561 F.3d 759, 766 (8th Cir. 2009). The Court is unclear as to what testimony Defendant is challenging in paragraph 12 of its Motion, but the Court finds that its prior ruling on this issue does not warrant a new trial.

    6) Witnesses and the Fifth Amendment

Defendant asserts that the Court erred by allowing Jennifer Kolbeck and Sue Davis to assert their Fifth Amendment right against self incrimination in front of the jury. The Court disagrees. The Eighth Circuit has held that a mistrial may be warranted when the prosecutor calls a witness to the stand in a criminal trial and intentionally elicits an invocation of the Fifth Amendment. *United States v. Reeves,* 83 F.3d 203, 207-08 (8th Cir. 1996); *see also United States v. Quinn,* 543 F.2d 640, 649-50 (8th Cir. 1976). However, this is not the case here. It was not the government, but Defendant, that called Kolbeck and Davis to the stand and Defendant's right to cross examination was not violated. *United States v. Ornelas-Rodriguez,* 12 F.3d 1339, 1348 (5th Cir. 1994). The government is entitled to cross examine Defendant's witnesses and to impeach their credibility. The defense opened this door by calling Kolbeck and Davis as witnesses.

Additionally, Defendant asserts that the Government purposely provoked Sue Davis to assert her right against self incrimination pursuant to the Fifth Amendment, and this provocation amounted to prosecutorial misconduct. Prosecutorial misconduct can only serve as grounds for a new trial if the conduct was improper and prejudicial enough to deprive the defendant of a fair trial. *United States v. Osuna-Zepeda,* 416 F.3d 838, 845 (8th Cir. 2005). Even if the Court found that the prosecutor's questions on cross examination were prosecutorial misconduct,[2] it does not find that Davis invoking her Fifth Amendment right against self incrimination in front of the jury was prejudicial enough to deprive  Defendant of a fair trial.

7) Prosecutor's Closing Statements

Next, Defendant argues that he is entitled to a new trial based on the prosecutor's impermissible statement in closing arguments. The challenged statement is as follows:

> In considering the evidence today, you will be examining the government's proof on four essential elements. The defendant has largely not disputed most of the elements that must be proven by the government beyond a reasonable doubt. The defendant has never, never disputed that he had sex with all these young women. He never once, never once discredited their testimony on this essential . . .

After this statement was made, the Court, at the request of defense counsel, instructed the jury as follows:

> Ladies and gentlemen, I would like to emphasize, or at least relate to you again, that I have so instructed you that the fact that the defendant in [this] case, Mr. Alamo, did not testify must not be considered by you in any way or even discussed in arriving at your verdict. We are now hearing argument of counsel, [that is] not evidence. [You have] already been told that. [It is] an opportunity for counsel of the government to argue their case.

---

[2] The Court is not making a determination of whether the prosecutor here engaged in prosecutorial misconduct because it is not necessary to dispose of the issue.

10

The Fifth Amendment to the U.S. Constitution forbids comments by the prosecution on the accused's silence. *United States v. Gardner,* 396 F.3d 987, 988 (8th Cir. 2005). However, to warrant a new trial on this basis the defendant must show the court that the prosecutor's comment was both improper and prejudicial to the defendant's substantive rights. *Id.* When, as here, the prosecutor has not directly commented on the defendant's silence or demonstrated an intent to draw the jury's attention to that silence the issue is "whether the jury would naturally and necessarily understand the comments as highlighting the defendant's failure to testify." *Id.* at 989 (quoting *Herrin v. United States,* 349 F.3d 544, 546 (8th Cir. 2003)). The prosecutor's comment must be evaluated in the context of the entire closing argument and the evidence introduced at trial. *Gardner,* 396 F.3d at 989.

Here, Defendant has not offered anything to show the Court that the prosecutor's comment was prejudicial to Defendant's substantive rights or that the jury would naturally and necessarily understand the comments as highlighting Defendant's failure to testify. *Gardner,* 369 F.3d 989. Therefore, the Court finds that in the context of the prosecutors entire closing argument and in light of the evidence presented at trial the jury would not naturally and necessarily understand the comment to be one highlighting Defendant's failure to testify. Furthermore, the Court instructed the jury that they were not to consider the fact that Defendant did not testify in arriving at a verdict and that closing arguments were not evidence but, instead, merely arguments. The Court finds that the prosecutor's statement does not warrant a new trial.

### 8) Venue–Count 2

Defendant also argues that the Court erred by denying Defendant's Rule 29 motion on count two because the count was not supported by proper venue. Defendant's argument is meritless. Count two of the Second Superseding Indictment is a "continuing offense" as defined in Title 18, United States Code, Section 3237(a). Section 3237(a) states: "any offense against the United States begun

11

in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." Venue is proper in the Western District of Arkansas as this is the district in which Defendant ended his interstate travel with the female minor in count two.

     9) Motion in Limine

     Finally, Defendant asserts that the Court erred in denying portions of the Defendant's Motion in Limine. The Defendant offers no support for this assertion. Therefore, the Court finds its ruling on Defendant's Motion in Limine does not warrant a new trial.

CONCLUSION

     In considering all of Defendant's assertions, the Court finds that the interest of justice does not require granting Defendant a new trial. Defendant received a fair trial and no single or cumulative error occurred that merits ordering a new trial. The Court finds, for the reasons stated above, that the Defendant Bernie Lazar Hoffman, also known as Tony Alamo's Motion for New Trial should be and hereby is **DENIED**.

     **IT IS SO ORDERED**, this 8th day of September, 2009.

                    /s/ Harry F. Barnes
                    Hon. Harry F. Barnes
                    United States District Judge