IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:08cr40020-001 |
| | ) | |
| BERNIE LAZAR HOFFMAN | ) | |
| a/k/a TONY ALAMO | ) | |

**ORDER**

Before the Court is Defendant's Addendum to his Motion for New Trial. (Doc. 113). The government's time to respond has passed. The Court finds this matter is now ripe for consideration.

BACKGROUND

Defendant was charged in a Second Superseding Indictment with ten counts of transporting minor females across state lines to engage in illegal sexual activity with the minor females in violation of 18 U.S.C. section 2423(a) and 18 U.S.C. section 2. Defendant's trial began on July 13, 2009 and ended on July 24, 2009. The Court held two pre-trial conferences. The last pre-trial conference was held on July 10, 2009. In this last pre-trial conference, the Court addressed the Defendant's Motion to Suppress and it was denied. (Doc. 96). Additionally, the Courted granted in part and denied in part Defendant's Motion in Limine. (Doc. 96). Finally, the Court addressed requests for production of documents along with other pretrial matters brought before the Court. At the conclusion of the trial, the jury rendered a verdict of guilty on all ten counts of the Second Superseding Indictment. Defendant was remanded to the custody of the United States Marshals pending sentencing. A pre-sentence report was ordered. The Court now considers Defendant's

Addendum to his Motion for New Trial.

## STANDARD OF REVIEW

Rule 33 of the Federal Rules of Criminal Procedure provides that upon the defendant's motion, the court may vacate a judgment and grant a new trial if the interest of justice so requires. A district court is granted broad discretion in considering a motion for new trial. *United States v. Peters,* 462 F.3d 953, 957 (8th Cir. 2006). The district court may weigh the evidence. *United States v. Lanier,* 838 F.2d 281, 284-85 (8th Cir. 1988). However, a new trial may be granted under Rule 33 "only if the evidence weighs heavily enough against a verdict that a miscarriage of justice may have occurred." *Id;* see also *United States v. Starr,* 533 F.3d 985, 999 (8th Cir. 2008). "The granting of a new trial under Rule 33 is a remedy to be used only 'sparingly and with caution.'" *United States v. Dodd,* 391 F.3d 930, 934 (8th Cir. 2004)(citing *United States v. Campos,* 306 F.3d 577, 579 (8th Cir. 2002)(quoting *United States v. Lincoln,* 630 F.2d 1313, 1319 (8th Cir. 1980))).

## DISCUSSION

Defendant first asserts that he was unable to receive a fair trial in this secular Court and the only means of a fair trial that would not infringe on his First Amendment rights is through a religious tribunal. Defendant argues that he and his church were targeted and prosecuted for his religious teachings regarding puberty as the age of consent. The Court first notes that the jury did not hear any evidence regarding Defendant's religious teachings. There is no evidence in the record regarding Defendant's religious beliefs that he claims prejudiced him. Therefore, the Court finds that Defendant's religious beliefs regarding the age of consent did not prejudice him in his trial in violation of his First Amendment rights. Furthermore, Defendant's argument that he did not defend himself with his religious teachings, because this secular Court and jury would not understand his religious views on the age of consent, only supports the Court's conclusion that no such evidence

was heard. The Court finds that Defendant is not entitled to a new trial on this basis.

Second, Defendant argues that the Court erred by improperly answering a question asked by the jury during deliberations. The question on the jury note read: "Did [Defendant] have to have sexual contact or intercourse out of state to be charged? It happened in Fouke, AR before trip [and] after return to Fouke, AR." The phrase "out of state" was circled with an arrow pointing to the phrase "while on the trip." Underneath this phrase it read: "We don't understand the definition." The Court answered: "I can't answer this question. Please refer to the instructions." Defendant argues that the Court should have "directed jurors to the appropriate portion of the charge which tells them, essentially, that such actual sexual contact or intercourse is inconsequential to a conviction, that the requisite intent on the part of [Defendant] when crossing state lines is the determining factor." (Doc. 113).

The Court finds Defendant's last argument is without merit. The Court did direct the jurors to the jury instructions, which included a definition and the elements the government must prove for of each of the counts charged. In the instructions, on each count, the following language was included: "the government must prove . . . beyond a reasonable doubt . . . the defendant knowingly transported [Jane Doe] in interstate commerce . . . with the intent that [Jane Doe] engage in any sexual activity for which an individual can be charged . . . ." The Court does not see a significant difference in the answer it provided and the answer Defendant is now asserting should have been provided. The Court finds that its failure to specify exactly where in the jury instructions the definition was located does not justify a new trial.

## CONCLUSION

In considering Defendant's Addendum to his Motion for New trial, for the reasons stated herein, the Court finds that no basis for a new trial has been asserted. Therefore, Defendant Bernie

3

Lazar Hoffman, also known as Tony Alamo's Motion for New Trial remains **DENIED.**

**IT IS SO ORDERED**, this 10th day of September, 2009.

    /s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge