IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 4:08CR40020-001 |
| ) | |
| ) | |
| BERNIE LAZAR HOFFMAN, ) | |
| a/k/a TONY ALAMO ) | |

**GOVERNMENT'S NOTICE OF VICTIMS' REQUEST TO SPEAK
AT SENTENCING PURSUANT TO FEDERAL RULE OF
CRIMINAL PROCEDURE 32(i)(4)(B) AND 18 U.S.C. § 3771(a)(4)**

Comes now the United States of America, by and through United States Attorney Deborah J. Groom, and respectfully provides this Notice to the Court that three Jane Does wish to exercise their right to be heard by the Court before imposition of sentence upon the defendant. As grounds, the government states:

1. Defendant was charged in a ten-count superseding indictment with violating 18 U.S.C. § 2423, transporting minors in interstate commerce for sexual purposes. The superseding indictment referenced Jane Does One through Five as victims in the case.

2. A jury convicted the Defendant on July 24, 2009, on all ten counts charged in the superseding indictment. A sentencing hearing is scheduled to commence November 13, 2009, at 9:00 a.m. Three of the five Jane Does have notified the government they wish to address the court prior to the court's pronouncement of sentence upon the Defendant.

3. Federal Rule of Criminal Procedure 32(i)(4), "Opportunity to Speak," provides in pertinent part:

    (A)    **By a Party**.  Before imposing sentence, the court must:

        (i)    provide the defendant's attorney an opportunity to speak on the defendant's behalf;

        (ii)    address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence; and

        (iii)    provide an attorney for the government an opportunity to speak equivalent to that of the defendant's attorney.

    **(B)**    **By a Victim.  Before imposing sentence, the court must address any victim of the crime who is present at sentencing and permit the victim to be reasonably heard.**  (emphasis added.)

4.    The government is cognizant that some of the Jane Does have provided a written victim impact statement to the United States Probation Office in conjunction with the preparation of the presentence investigation report. A written impact statement does not replace nor limit the victim's right to speak at sentencing.  United States v. Degenhardt, 405 F.Supp.2d 1341, 1345 (D.Utah 2005)(allowing victims only to be heard via a *written* submission to the court does not comply with the intent of the Crime Victims' Rights Act and "would disregard the rationales underlying victim allocution").

5.    The Crime Victims' Rights Act ("CVRA") found in Title 18, United States Code, Section  3771, grants a crime victim the "right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing . . . ." 18 U.S.C. § 3771(a)(4). The drafters of the Crime Victims' Rights Act "left no doubt that they intended their handiwork to grant victims a right to make an oral statement at sentencing." United States v. Degenhardt, 405 F.Supp. at 1345.  As defined in 18 U.S.C. § 3771(e), crime victims are those who have been "directly and proximately harmed as a result of the commission of a federal offense." The three

Jane Does who wish to exercise their right to allocute at sentencing are victims of Defendant's federal offenses of conviction.

6. The Ninth Circuit has held it was error for a district court to deny victims an opportunity to speak at sentencing. Kenna v. U. S. District Court for C.D. Cal., 435 F.3d 1011 (9th Cir. 2006). The court of appeals in Kenna granted a crime victim's petition for writ of mandamus after the district court refused to allow the victim to allocute at the sentencing of the second of two co-defendants convicted of a financial fraud. While the petitioner had been allowed to speak at a co-defendant's sentencing three months earlier and the district court had received written victim impact statements, the Ninth Circuit held that the refusal by the lower court to allow the petitioner to address the second defendant in a subsequent sentencing was error. Ruling that the Crime Victims' Rights Act affords victims the right to confront every defendant that has wronged them, the Ninth Circuit stated "speaking at a co-defendant's sentencing does not vindicate the rights of victims to look *this* defendant in the eye and let him know the suffering his misconduct has caused." 435 F.3d at 1017. (emphasis in original.) The court further found that submission of a written victim impact statement does not satisfy the right of allocution at sentencing. "Limiting victims to written impact statements, while allowing the prosecutor and the defendant the opportunity to address the court, would treat victims as secondary participants in the sentencing process. The CVRA clearly meant to make victims full participants." 453 F.3d at 1016.

7. The Third Circuit has considered the issue of permitting a victim to speak at sentencing when the victim has provided a written statement to the court. United States v. Vampire Nation, 451 F.3d 189 (3rd Cir. 2006). The Third Circuit held in Vampire Nation that

"the right is in the nature of an independent right of allocution at sentencing . . . . Under the CVRA, courts may not limit victims to a written statement." 451 F.3d at 197, n.4.

WHEREFORE, the government requests that the Jane Does who wish to make an oral statement to the court prior to the imposition of Defendant's sentence be "reasonably heard."

    Respectfully submitted,

    DEBORAH GROOM
    UNITED STATES ATTORNEY

By:   /s/ Kyra E. Jenner
    Kyra E. Jenner
    Assistant U. S. Attorney
    Arkansas Bar No. 2000041
    P. O. Box 1524
    Fort Smith, AR 72902
    Telephone: 479-783-5125

## CERTIFICATE OF SERVICE

I, Kyra E. Jenner, Assistant United States Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was electronically filed on November 2, 2009, with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Don Edward Ervin,
Jeffrey Scott Harrelson, and
Phillip E. Kuhn
Attorneys at Law

Notice has also been forwarded by fax to the following:

USPO Tammy Albritton, <u>Via Fax number: 870-862-5304</u>
USPO Susan Lee, <u>Via Fax number: 479-783-5761</u>

    /s/ Kyra E. Jenner
    Kyra E. Jenner
    Assistant U.S. Attorney