IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **BERNIE LAZAR HOFFMAN** | ) | |
| | ) | |
| vs. | ) | No. 4:08-CR-40020-HFB |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |

**RESPONSE OF UNITED STATES TO DEFENDANT'S
MOTION FOR LEAVE TO CONDUCT
DISCOVERY PURSUANT TO 2255 RULE 6
AND TO
DEFENDANT'S MOTION FOR AN EVIDENTIARY HEARING
PURSUANT TO 28 U.S.C. § 2255**

Comes now the United States of America, by and through its attorneys, Conner Eldridge, United States Attorney for the Western District of Arkansas, and Deborah Groom, Assistant U.S. Attorney, and for the United States' Response to the Defendant's Motion for Leave to Conduct Discovery and to Defendant's Motion for an Evidentiary Hearing Pursuant to 28 U.S.C. § 2255 states and alleges as follows:

The United States opposes Hoffman's Motion for Leave to Conduct Discovery, for the reason that Hoffman has not demonstrated good cause to conduct discovery.

**APPLICABLE LAW**

Rule 6 of the Rules governing Section 2255 proceedings allows for discovery as follows, in relevant part:

> Rule 6. Discovery
>
> (a) Leave of Court Required.  A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practice and principles of law.

1

> (b) Requesting Discovery. A party requesting discovery must provide reasons for the request.

Good cause under Rule (6)(a) exists "where specific allegations before the court show reason to believe that the petitioner may, if facts are fully developed, be able to demonstrate that he is ...entitled to relief..." *Bracy v. Gramley,* 520 U.S. 899, 908-09, 117 S.Ct. 1793 (1997) (quoting *Harris v. Nelson,* 394 U.S. 286, 300, 89 S.Ct. 1082 (1969)). However, petitioners seeking habeas relief may not "use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Court,* 9 8 F.3d 1102, 1106 (9th Cir. 1996) (citation omitted). The failure to show good cause in a habeas proceeding justifies denial of a request for production of documents. *Smith v. United States,* 618 F.2d 507, 509 (8th Cir. 1980).

> A federal habeas court must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief... Conclusory allegations are not enough to warrant discovery under Rule 6...; the petitioner must set forth specific allegations of fact. Rule 6, which permits the district court to order discovery for good cause shown, does not authorize fishing expeditions.
>
> *Ward v. Whitley,* 21 F.3d 1355, 1367 (5th Cir. 1994) (footnotes omitted).

A court of appeals will review a district court's denial of a discovery request in a Section 2255 proceeding for abuse of discretion. See, e.g., *Chapman v. United States,* 55 F3d 390, 391 (8th Cir. 1995) (finding district court did not abuse its discretion in denying a Section 2255 petitioner's requests for discovery); *Dyer v. United States,* 23 F.3d 1421, 1424 (8th Cir. 1994); (same); *Halloway v. United States,* 960 F2d 1348, 1359 n. 16 (8th Cir. 1992) (affirming district court's denial of a Section 2255 petitioner's discovery request, holding "We review for abuse of discretion the denial of a discovery motion as well as a motion for appointment of counsel.").

## PROCEDURAL HISTORY AND FACTS
## UNDERLYING HOFFMAN'S CONVICTION

On October 1, 2008, a federal grand jury in the Western District of Arkansas, returned a two-count indictment that charged Bernie Lazar Hoffman (hereinafter "Hoffman"), also known as Tony Alamo, with transporting Jane Doe, a minor, in interstate commerce with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a).  (Doc. 4).  Hoffman made his initial appearance in the Western District of Arkansas before Magistrate Judge Barry A. Bryant on October 17, 2008, with retained counsel John Wesley Hall and the jury trial was scheduled for November 19, 2008.   (Doc. 12).

Attorneys John Wesley Hall and Patrick Benca appeared with Hoffman at a detention hearing on October 22, 2008.  Hoffman was ordered detained pending trial and remanded to the custody of the United States Marshal.  (Doc. 26).  Hoffman filed a motion to continue the November 19, 2008 trial setting and it was rescheduled for February 2, 2009.   (Doc. 29, 30).

The indictment was superseded on November 19, 2008, adding eight additional violations of 18 U.S.C. §§ 2423 and 2, setting forth Jane Doe #2 through Jane Doe #5 as victims.  (Doc. 33). On January 7, 2009, Hoffman filed a second motion to continue the trial which the United States opposed. (Doc. 39, 40).  The District Court granted Hoffman's motion and the trial was rescheduled to May 18, 2009.  (Doc. 41).

On February 18, 2008, Hoffman and the United States both filed a Motion for Juror Questionnaire which the District Court denied.  (Doc. 44 - 46).

3

On March 17, 2009, Jeffrey Harrelson, an attorney in Texarkana, Arkansas, entered his appearance for Hoffman in place of John Wesley Hall, Patrick Benca and Kara Binz. Daniel Davis, a California attorney, entered his appearance on March 23, 2009. On April 7, 2009, Texas attorney Don Ervin entered his appearance. (Doc. 47-55).

In April 2009, Hoffman, through attorney Ervin, filed a motion appealing the Magistrate Judge's order of detention which was subsequently denied. (Doc. 56-60). Hoffman, again through Ervin, filed a motion for reconsideration of the Order of Detention and that was denied as well. (Doc. 61, 62).

On May 4, 2009, the United States filed a Notice Pursuant to Federal Rules of Evidence 404(b) and 413 stating its intention to introduce evidence at trial of Hoffman's sexual relationships with several different women not charged in the case, two of whom were under the age of 18 years old, stating that this evidence would complete the story of the crime or explain the crime, that it was inextricably intertwined with the charged crime, that it showed motive, opportunity, and intent. (Doc. 63). Discovery motions were filed by both parties on May 4, 2009. (Doc. 64-66). On May 8, 2009, Hoffman filed a third motion to continue the trial citing change in defense counsel and the need for new counsel to have time to review the evidence provided by the government and conduct an independent investigation. (Doc. 67). The United States filed a response objecting to a continuance. (Doc. 68). The District Court held an In Chambers Conference and then granted Hoffman's motion to continue. (Doc. 69). The trial was rescheduled for July 13, 2009. (Doc. 67-70).

On June 11, 2009, a second superseding indictment was filed, amending the date charged in Count Six of the superseding indictment. (Doc. 71). Hoffman waived arraignment on the second

4

superseding indictment. (Doc. 74). Attorney Daniel Davis filed a Motion to Withdraw as Attorney on June 19, 2009, which the District Court granted. (Doc. 72, 78-79). Hoffman filed a Motion for Bill of Particulars, Motion to Reveal Agreements with Witnesses, Motion for Discovery, and Motion to Compel Exculpatory Evidence on June 16, 2009. (Doc. 73-77). On June 23, 2009, Hoffman filed a Motion to Suppress any evidence seized during execution of a search warrant on September 20, 2008 at Hoffman's residence in Fouke, Arkansas. (Doc. 80). Hoffman also filed a Motion for Disclosure of Informant that was related to the Search Warrant executed at Hoffman's residence. (Doc. 82).

The United States filed a Response to the Motion to Reveal Agreements with Witnesses stating this information would be provided no later than July 6, 2009. (Doc. 83). The United States filed a Response to Defendant's Motion for Discovery and responded that many items had previously been turned over to defense counsel, that an exhibit list would be provided by July 10, 2009, that applicable Grand Jury transcripts would be turned over one week before commencement of trial, and that all witness statements would be turned over one week prior to trial. The United States opposed Hoffman's request for psychiatric and mental health records of witnesses. (Doc. 84). The United States filed a Response to the Motion to Compel Disclosure of Exculpatory Evidence citing documents provided to defense counsel on June 29, 2009 and opposing defendant's broad request for documents not specifically exculpatory. (Doc. 85). The United States filed a Response to the Motion for Bill of Particulars on July 1, 2009 pointing out the indictment alleged the crimes with sufficient particularity, that the government had agreed to provide witness statements and travel routes of the victims prior to trial. (Doc. 87). The United States filed a Response to Defendant's

Motion to Suppress Evidence on July 2, 2009. (Doc. 88). The United States filed a Response to the Motion for Disclosure of Informant on July 7, 2009. (Doc. 91).

Attorney Phillip Kuhn of Florida filed a Notice of Attorney Appearance on behalf of Hoffman on July 9, 2009. (Doc. 94).

Hoffman filed an extensive Motion in Limine seeking in part to exclude from trial any mention of Hoffman's relationships with females over age 18 years, references to Hoffman's views on polygamy, references to Hoffman's views on the biblical propriety of the marriage of females once they have reached puberty, references to Hoffman's prior conviction and incarceration, references to Hoffman's group as a cult, and evidence of the two minor females in the government's 404(b) notice. (Doc. 92).

The District Court held an In Chambers Pretrial Conference on July 10, 2009. (Doc. 86, 96). The District Court denied Hoffman's Motion to Suppress, Motion for Bill of Particulars, Motion for Disclosure of Informant, Motion for Discovery, Motion for Disclosure and Motion to Compel. (Doc. 96). As to Hoffman's Motion in Limine, it was granted in part and denied in part. (Doc. 96). (Appellate Transcript, hereinafter "App. Tr, pp. 16-64).

The jury trial commenced on July 13, 2009, in the Texarkana Division with Hoffman represented by Jeffrey Harrelson, Don Ervin and Phillip Kuhn. The District Court conducted voire dire on the first day of trial, asking questions related to publicity of the trial and whether opinions had been formed regarding Hoffman and the pending charges and whether potential jurors could act impartially. Any of the panel that answered they had formed an opinion about the defendant or the charges, or they could not act impartially, the District Court excused for cause. (App. Tr, pp. 65-112). Also on July 13, 2009, the District Court granted Hoffman's Oral Motion for Reconsideration

6

of his earlier pretrial motions. The District Court revisited Hoffman's pretrial motions and denied the Motion to Suppress, Motion for Bill of Particulars, Motion for Disclosure of Informant, Motion for Discovery, and Motion to Compel. The District Court granted in part and denied in part the Motion in Limine. (Doc. 97).

On July 14, 2009, voire dire by the parties commenced with only 10 jurors at a time being questioned. A jury was selected and sworn on July 14, 2009. (Doc. 98). Opening statements on behalf of Hoffman and the United States were made that afternoon and then court adjourned for the day. The United States called its first witness on the morning of July 15, 2009 and rested its case on the morning of July 21, 2009. (Doc. 99-104). Hoffman called witnesses on July 21 and July 22, 2009. (Doc. 103-104). The District Court inquired of Hoffman as to his decision on whether or not to testify. Hoffman told the District Court he did not intend to testify. (App. Tr, pp. 1585-1587). Both parties made closing arguments on the afternoon of July 22, 2009, and then the District Court instructed the jury. (Doc. 104).

The jury began deliberating on July 23, 2009. (Doc. 106). On July 24, 2009, the jury presented the District Court with 2 questions. The District Court consulted with the parties and sent responses to the jury. (App. Tr, pp. 1677-1679). On the afternoon of July 24, 2009, the jury returned a verdict of guilty on all ten counts of the second superseding indictment. (Doc. 106-108). Hoffman was remanded to the custody of the United States Marshal pending sentencing. (Doc. 107).

A Motion for New Trial was filed by Hoffman on July 31, 2009. (Doc. 109). The United States filed a response to the Motion for New Trial on August 13, 2009. (Doc. 112). Hoffman filed an Addendum to his Motion for New Trial on August 24, 2009. (Doc. 113). The District Court denied the Motion for New Trial on September 8, 2009. (DOC 114).

Attorney John Wesley Hall filed a Motion for Leave to Appear Retained Attorney on November 11, 2009. (Doc. 123). On November 13, 2009, Hoffman appeared before the Honorable Harry F. Barnes for sentencing. (Doc. 127). Hoffman was sworn and the District Court enquired of Hoffman as to his satisfaction with his attorneys. Hoffman expressed to the Court that he had not agreed with his counsel on everything, but that he was satisfied with them. (App. Tr, pp. 1689-1690). Hoffman was sentenced to 175 years imprisonment, which was the statutory maximum term of imprisonment for each count of conviction imposed consecutively. He was fined $250,000 and ordered to pay an $850 special assessment. (Doc. 129).

A restitution hearing bifurcated from the sentencing hearing was held January 13, 2010. The District Court ordered Hoffman to pay restitution to the five Jane Does in the amount of $500,000 per victim. (Doc. 151, 165).

Hoffman, represented by John Wesley Hall and Don Ervin, filed a timely Notice of Appeal on November 13, 2009. (Doc. 131-132) Hoffman appealed challenging the sufficiency of the evidence and arguing the sexual abuse of the victims must be a dominant purpose of the interstate travel. Hoffman also argued his sentence was impermissibly influenced by religious factors. In a published opinion, the Eighth Circuit affirmed Hoffman's conviction and sentence. *See, United States v. Hoffman*, 626 F.3d 993 (8th Cir. 2010), *cert. denied*, 131 S.Ct. 3004 (2011). Hoffman filed a Petition for Writ of Certiorari with the Supreme Court which was denied on June 28, 2011. *Id.* (Doc. 174).

On June 11, 2012, Hoffman filed his Motion to Vacate, Set Aside or Correct Sentence (the "Motion"). (Doc. 175). The United States Responded on November 8, 2012. (DOC 184).

On December 28, 2012, Hoffman, filed the instant Motion For Discovery Pursuant to 2255 Rule 6, and Motion for Evidentiary Hearing pursuant to 28 U.S.C. § 2255. With the Motion Hoffman filed separate Requests for Admission, Interrogatories, and Requests for Production directed to each of the following: the United States Attorney's Office, Assistant United States Attorneys Clayton Fowlkes, Assistant U.S. Attorney Candace Taylor, and Assistant U.S. Attorney Kyra Jenner. Hoffman filed Requests for Admission, Interrogatories, and Requests for Production directed the Federal Bureau of Investigation, and Interrogatories to Retired Special Agent Randall Harris. Hoffman also seeks to depose former Agent Harris, Sgt. John Bishop of the Arkansas State Police, and complaining witness A.E., persons who are not parties to this 2255 petition.. Hoffman further seeks discovery from the Arkansas State Police, which is also not a party to this litigation.[1]

The United States opposes the Motions as Hoffman is merely on a fishing expedition. Claims made by Hoffman upon which he seeks discovery were heard by the Court in Hoffman's Motion for new trial. Hoffman has not shown the required good cause and prejudice or fundamental miscarriage of justice permitting consideration of discovery in this federal habeas proceeding.

---

[1] This response is not and should not be considered a waiver of any objection or defense that non parties may have to the discovery requests. There is no indication that the Arkansas State Police, or its counsel, or individuals who are not employees of the United States have been served the Motion seeking discovery against them. Further, this response is not and should not be considered a waiver of any objection or defense to specific proposed discovery requests, including the claim of applicable privilege or Privacy Act prohibitions that could potentially be asserted as to any specific discovery request by individuals named therein, or by the United States or its officers and employees.

## ARGUMENT

Rule 6 permits discovery only if and only to the extent that the district court finds good cause. Good cause may be found when a petition for habeas corpus relief "establishes a prima facie claim for relief." *Harris v. Nelson,* 89 S.Ct. 1082, 1086. (1969). Hoffman must provide the court with "specific allegations (that) show reason to believe that the (he) may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy v. Gramley.* 520 U.S. 899, 908-900. (1997)

Hoffman claims he needs to conduct discovery to establish the claims in his 2255 petition. Hoffman claims the United States failed to produce exculpatory evidence. Hoffman alleges: the United States provided incomplete discovery disclosures; failed to disclose alleged restitution discussions; that there is a factual dispute about Count 5 of the Indictment; and that his defense counsel provided him an incomplete defense file.

.   REQUEST FOR DISCOVERY

Based on Movant's allegations in his Section 2255 petition he asks this Court to order the production of:

1. Admissions from the assistant United States Attorneys and FBI agents involved in the prosecution of this matter that they, knowingly and purposefully and for the result of concealment of Brady/Giglio materials, did not discuss civil suit or the possibility of financial recovery with the complaining witnesses in this matter.

2. Proof of the United States Attorney's Office policy instructing its employees not to discuss the possibility of restitution prior to trial with victims or complaining witnesses.

3. Proof of non-existent conversations with victims or complaining witnesses which would indicate that Brady/Giglio materials were not disclosed prior to the trial of this matter.

4. Any and all communications, addresses, privacy regulated records, or any information that in any way pertains to the victims and/or complaining witnesses involved in this matter, whether such information has any relationship to this matter.

5. The entire discovery file developed by the United States Attorney's Offices.

6. The entire investigative file developed by the FBI.

Hoffman has demanded the disclosure of work product, government files and all tangible evidence that was accumulated during the course of the investigation. Hoffman is attempting to re-try the case. There is no basis for the discovery he requests. The United States complied with its discovery obligations in the criminal case.

Hoffman's request is based on supposition and hearsay. Defendant refers to his own motions to compel which were filed prior to the trial in this matter; and which were subsequently denied. "Counsel noted that *it appeared* that reports of several of the complaining witnesses *appeared* to be missing...." (emphasis added). *See* Motion for Discovery [Doc. 188, p.3]. Hoffman attempts to allege that discovery produced in the matter of *Kolbek et al v. Twenty First Century Holiness Tabernacle Church, Inc., et al*, 4:10-cv-04124-SOH would have been exculpatory evidence in the trial of this matter. [Doc. 188, p. 3]. Defendant continues to say that the United States Attorney's Office ("USAO") "intentionally avoided" discussions of financial recoveries with complaining witnesses for the sole purpose of avoiding the generation of Brady/Giglio materials. [Doc. 188, p. 7]. It is clear Hoffman is on a fishing expedition. Hoffman makes no showing that the information he seeks is evidence as to guilt, and therefore material. *See, United States v. Carvajal,* 989, F2d 170

(5th Cir. 1993); The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *United States v. Bagley,* 473 U.S. 667, 682 (1985).

Hoffman's claims have previously been heard by this Court. In his Motion for New Trial, (DOC 109), he argued that FBI 302's had not been provided. He argued that the facts presented for Count 5 of the Indictment did not support the verdict. The Court found that the allegations did not warrant a new trial. Hoffman appealed his conviction to the 8th Circuit Court of appeals. The evidence was found to be more than sufficient for conviction. The conviction resulted from the testimony of several victims and witnesses.

Since his conviction, Hoffman has through a civil case, had access to Arkansas State Police reports. He attempts to base his argument that exculpatory evidence was withheld by the United States on the fact some Arkansas State Police documents he now has are documents that he did not receive from the United States during discovery in the criminal case. However, despite having access to the State Police documents, through the civil litigation, Hoffman does not and cannot point to any exculpatory document. He can not point to any information or document which if he had at the time, the verdict may have been different.

The Eighth Circuit Court of Appeals has described 28 U.S.C. § 2255 as "the statutory analogue of habeas corpus for persons in federal custody." *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir.1987). In *Poor Thunder*, the court explained the purpose of the statute:

> [Section 2255] provides a remedy in the sentencing court (as opposed to habeas corpus, which lies in the district of confinement) for claims that a sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

>maximum authorized by law, or is otherwise subject to collateral attack."

*Id.* (quoting 28 U.S.C. § 2255). Here, there is nothing but mere speculation and conjecture on the part of Hoffman for his allegations. The proof upon which Hoffman was convicted was substantial. He has been afforded a Motion for New Trial and an appeal in the 8th Circuit Court of Appeals. Hoffman's efforts now in the 2255 proceeding to re-litigate the case through the extensive discovery that he requests is not an available remedy. Hoffman's argument that he needs discovery to prove that the United States violated *Brady* demonstrates that he is truly going on a "fishing expedition" in hope of landing some evidence that will support his contentions that the United States failed to disclose impeachment of exculpatory evidence. A petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6. See *West v. Johnson,* 92 Fed.3d 1385, 1399-1400 (5th Cir. 1996); *Ward v. Whitley,* 21 F.3d 1355, 1367 (5th Cir. 1994)                .

HOFFMAN'S REQUEST FOR HEARING SHOULD BE DENIED

Hoffman's request to obtain discovery is premature. The Court must first make an initial inquiry into whether the 2255 motion can be resolved without holding an evidentiary hearing and allowing discovery. A Court must hold a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States, 24 F.3d 1040,1043 (8th Cir. 1994)*   The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate or its face or if the record affirmatively refutes the factual assertions upon which it is based. *Shaw,* 24 F. 3d at 1043. (Citing *Larson v. United States,* 905 F.2d 218, 220-21 (8th Cir. 1990). Hoffman, has the burden of establishing the need for an evidentiary hearing. U.S. v. McGill, 11 F.3d 223 (1st Cit. 1993). Mere unsupported allegations are not sufficient. Galbraith v. U.S., 313

F.3d 1001 (7th Circ. 2002). Hoffman has not established the need for a hearing. Hoffman's request for hearing should be denied.

## HOFFMAN'S REQUEST FOR DISCOVERY SHOULD BE DENIED

As set out earlier in this response, discovery under Rule 6(a) of the Rules Governing Section 2255 cases states that a judge may for good cause, authorize a party to conduct discovery. Black's Law Dictionary, Seventh Edition defines "good cause" as:

> A legally sufficient reason. Good cause is often the burden placed on a litigant (usu. by court rule or order) to show why or a request should be granted.

In Tucker v. U.S., 269 F. Supp. 2d 1024 (E.D. Ar. 2003) the Honorable George Howard, Jr. denied a discovery request under Rule 6(a).

In denying the request Judge Howard wrote:

> Nothing has yet surfaced to indicate that there is information about Hall which Tucker should have had and which would have changed the outcome of this trial, and it is unlikely that Tucker will be able to find anything new by engaging in a fishing expedition.

Judge Howard referred to Strickler v. Greene, 527 U.S. 263, 286, 119S.Ct. 1936, 144 L.Ed. 2d 286 (1999) which stated, "Mere speculation that some exculpatory material may have been withheld is unlikely to establish good cause for a discovery request on collateral review."

In Smith v. U.S., 618 F.2d 507 (8th Cir. 1980), the Eighth Circuit upheld the denial of a discovery request under Rule 6(b).

> Appellant alleged no facts showing good cause for discovery . . . Smith did not state what he hoped to find in these records or how they would help him prosecute his Section 2255 motion. In the absence of a showing of good cause for discovery, the district court acted within its discretion in denying appellants request for production of documents.

WHEREFORE, the United States respectfully requests that the Motion for Discovery and Motion for Evidentiary hearing be denied.

                                                Respectfully submitted,

                                                CONNER ELDRIDGE
                                                UNITED STATES ATTORNEY

                                                By:    */s/ Deborah J. Groom*
                                                Deborah J. Groom
                                                Assistant U.S. Attorney
                                                Ark. Bar Number 80054
                                                414 Parker Avenue
                                                Fort Smith, AR  72901
                                                Phone: (479) 783-5125
                                                Fax: (479) 441-0569

## **CERTIFICATE OF SERVICE**

      I, Deborah J. Groom, Assistant United States Attorney, hereby certify that a true and correct copy of the foregoing pleading was electronically filed on February 1, 2013, with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

    John P. Rogers

*/s/ Deborah J. Groom*
Deborah J. Groom
