IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                             RESPONDENT

v.                             Case No. 4:08-cr-40020-HFB-001

BERNIE LAZAR HOFFMAN
a/k/a "Tony Alamo"                                                         MOVANT

### ORDER

Before the Court is the Report and Recommendation filed November 18, 2014, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 217). Judge Bryant recommends that Defendant's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 186) be denied. Defendant has objected to the Report and Recommendation. (ECF No. 218). The Court finds this matter ripe for its consideration.

Hoffman was charged by Complaint on September 20, 2008 with violation of Title 18 U.S.C. § 2423 (a), transportation of a minor in interstate commerce with the intent the minor engage in sexual activity for which any person can be charged with a crime. (ECF No. 1). A Superseding Indictment was filed on November 19, 2008. (ECF No. 33). This Superseding Indictment charged Hoffman with ten counts of violation of 18 U.S.C. § 2423. A Second Superseding Indictment was filed on June 11, 2009, also charging Hoffman with ten counts of violation of 18 U.S.C. § 2423. (ECF No. 71). After eight days of trial and two days of deliberation in July 2009, the jury returned a guilty verdict as to all ten counts of the Second Superseding Indictment. (ECF No. 107-108). Hoffman filed a motion for a new trial. (ECF No. 109). The Court denied that Motion. (ECF No. 114). Hoffman received a life sentence. (ECF No. 129). The United States Court of Appeals for

the Eighth Circuit upheld Hoffman's conviction and sentence. *United States v. Hoffman*, 626 F.3d 993, 994 (8th Cir. 2010).

Hoffman filed a Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 175). The Government responded to the Motion (ECF No. 184), and Hoffman replied (ECF No. 185). Hoffman then filed his First Amended Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 186) and a Motion for Hearing on his Motion to Vacate (ECF No. 187). The Government responded to the Motion for Hearing. (ECF No. 195).

In his Amended Motion, Hoffman asserts five claims of ineffective assistance of counsel, two violations under *Brady* and *Giglio*, and the deprivation of his right to testify in his own defense. After thorough review, Judge Bryant recommended the Court deny Hoffman's 28 U.S.C. § 2255 Motion, request for an evidentiary hearing, and request for a certificate of appealability.

Hoffman objected to the Report and Recommendation on a number of grounds. First, he objects to Judge Bryant's recommendation that his ineffective assistance of counsel claim be denied. Specifically, Hoffman argues his counsel was ineffective for (1) failing to timely and effectively object to trial error; (2) failing to adequately prepare or request a trial continuance to prepare; (3) failing to request a mistrial after second jury question; (4) failing to seek a change of venue; (5) and failing to raise meritorious arguments on appeal. Second, Hoffman objects to Judge Bryant's rulings regarding *Brady* and *Giglio* violations. Finally, he asserts that he was improperly denied the right to testify. Hoffman also objects to the denial of his request for an evidentiary hearing, asserting that the Report and Recommendation makes conclusions on disputed issues of fact. After review, the Court finds that the objections lodged by Hoffman offer neither law nor fact requiring departure from Judge Bryant's findings.

I. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Hoffman must demonstrate that his attorney's performance was deficient and fell outside the range of reasonable professional assistance. *Delgado v. United States*, 162 F.3d 981, 982 (8th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). He must then show that, as a result, he suffered prejudice. *Id.* To demonstrate prejudice, he must show that but for counsel's defective performance, there is a reasonable probability the result of the proceeding would have been different. *Id.* "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686; *see also Montanye v. United States*, 77 F.3d 226, 230 (8th Cir. 1996) ("This is a hard sell; our confidence is not easily undermined. We presume attorneys provide effective assistance, and refuse to second-guess strategic decisions or exploit the benefits of hindsight.").

i. Failure to Object to Evidence

Hoffman argues that his counsel was ineffective for failing to object to the Government's references to polygamy and previously undisclosed prior bad acts evidence, or in failing to request that the jury be instructed that they should not consider these statements. Judge Bryant found that these decisions were strategic.

There is a strong presumption that trial counsel's actions were sound trial strategy. *Strickland*, 466 U.S. at 687-89. After review of the record, the Government's use of terms like "one of us," "sisters," "one of Tony's wives," or "resident" did not make polygamy an obvious and pervasive issue at trial. The decision to make such objections, which often serves to call attention

to phrases or pieces of evidence, is a matter of trial strategy. Moreover, Hoffman has not shown that, if objected to, that any objection would have been sustained.

Hoffman also argues that his counsel was ineffective for not objecting to evidence that "painted [him] as a shady businessman capitalizing on child labor and having children beaten for minor offenses." (ECF No. 218, pg. 4). Hoffman characterizes this as "prior bad acts" evidence, and asserts that counsel should have either objected to the use of such evidence or requested a limiting instruction.[1] The Court agrees with Judge Bryant's well-reasoned recommendation as to each of the "prior bad acts" pieces of evidence introduced. The decision to make such objections is a matter of trial strategy.

Even if counsel's decisions fell below the standard of reasonable assistance, Hoffman has not established that he was prejudiced by counsel's failures. He has not shown that such objections or limiting instructions would have resulted in a different outcome at trial. *Strickland*, 466 U.S. at 692; *see also Williams v. Armontrout*, 912 F.2d 924 (8th Cir. 1990). Accordingly, Hoffman's objections on this point are overruled.

ii. Failure to Prepare or Request a Trial Continuance

Hoffman next asserts that counsel was ineffective for failure to either adequately prepare or to request a trial continuance to prepare. He argues that Judge Bryant improperly discounted evidence that would have been offered by witnesses.

Hoffman fails to overcome the strong presumption that the attorney's actions at trial were a sound matter of trial strategy. A review of the testimony reveals that trial counsel's actions in preparing and questioning witnesses were reasonable. The fact that witnesses give testimony that

---

[1] Hoffman has not pointed to any specific error, but has made a generalized reargument of his 28 U.S.C. § 2255 Motion.

is harmful to a defendant cannot be considered ineffective assistance of counsel. Hoffman has failed to show that his counsel's preparation of witnesses fell below an objective standard of reasonableness.

Hoffman then points to affidavits presented from potential witnesses who could have presented testimony negating some of the essential elements of conviction, specifically the element that the minors were transported with the intent that the minors engage in sexual activity. To establish prejudice caused by counsel's failure to investigate a potential witness, a movant must establish that the potential witness would have testified and his or her testimony "would have probably changed the outcome of the trial." *Hadley v. Groose*, 97 F.3d 1131, 1135 (8th Cir. 1996) (citing *Stewart v. Nix*, 31 F.3d 741, 744 (8th Cir. 1994)). Even if Hoffman can demonstrate to the Court that the potential testimony may have been favorable to him, this Court has reviewed the affidavits submitted by Hoffman, and concludes that there is no reasonable probability that the outcome of the trial would have been different.

Based on the evidence adduced at trial and the totality of the circumstances, including multiple witnesses and other evidence over the course of an eight day trial, this Court agrees with Judge Bryant that Hoffman was not prejudiced by trial counsel's performance. There is no showing that, had counsel performed in the way Hoffman now requests, the outcome of the trial would have been different. Accordingly, Hoffman's objections on this point are overruled.

### iii. Failure to Request a Mistrial after Second Jury Question

Hoffman next asserts his attorney was ineffective for failing to request a mistrial after the jury's second question to the Court. He argues that additional clarification or a mistrial was warranted because the jury did not understand the law. Judge Bryant found that counsel's assistance

was not ineffective because Hoffman has not demonstrated that the request would have been granted.

The jury's second question asked, "did [Hoffman] have to have sexual conduct or intercourse out of state to be charged? It happened in Fouke, AR before trip and after return to Fouke, AR while on trip. We don't understand the definition." T. 1678. The Court answered, "I can't answer the Question. Please refer to the instructions." T. 1678. Hoffman argues that it was error for the attorney not to request a mistrial because the jury admitted they did not understand the definition. He asserts there is reasonable probability that the outcome of the trial would have been different had the attorney requested a mistrial.

If there is no basis for a mistrial, a movant cannot be said to be prejudiced by counsel's failure to make a motion for a mistrial. *Pryor v. Norris*, 103 F.3d 710, 714 (8th Cir. 1997). Hoffman has not shown the Court how the jury's indication that they did not understand the instruction, when the instruction was clear and the Court pointed them back to the instruction for clarification, would be the basis for a mistrial. His objections on this point are overruled.

### iv. Failure to Seek Change of Venue

Hoffman next alleges that Judge Bryant "misses the point" of the affidavits that support his change of venue argument. He asserts that his counsel was ineffective because counsel did not seek a change of venue when the negative press surrounding his trial poisoned potential jurors from miles away against him. Hoffman asserts that, given the jury's confusion about the law to be applied and the close factual questions on several of the charged counts, there is a reasonable probability that the result of the proceedings would have been different if counsel would have requested a change of venue.

A decision on whether or not to seek a change of venue is often a decision of trial strategy

left to the professional discretion of trial counsel. *Huls v. Lockhart*, 958 F.2d 212, 215 (8th Cir. 1992). The Court will presume inherent prejudice if the pretrial publicity is so extensive that it is unfair from a constitutional standpoint. *United States v. Blom*, 242 F.3d 799, 804 (8th Cir. 2001). This prejudice is reserved for the "rare and extreme cases." *Id.* Hoffman presented affidavits in support of his argument that his is a "rare and extreme" case. However, Hoffman provides no copies or citations to a single article about the case nor does he indicate what the negative media stories were about. These general statements of negative publicity are insufficient to raise this presumption.[2]

### v. Failure to Raise Meritorious Arguments on Appeal

Hoffman next objects to Judge Bryant's recommended finding that his appellate counsel was not ineffective. Hoffman does not point to a specific error, but makes the same arguments made in his original motion. He asserts that appellate counsel was ineffective for not raising on appeal "the systematic admission of undisclosed and improper prior bad acts evidence, inadmissible hearsay, and other improper testimony . . ., such error was attributable not only to counsel's ineffective performance . . ., but also to rulings of the trial court, in light of the Government's . . . repeated injection of evidence of polygamy and undisclosed prior bad acts into the trial testimony." (ECF No. 218). Because the Court finds that the claims are not meritorious, he cannot establish that appellate counsel was deficient in failing to raise them.

### II. *Brady* and *Giglio* Violations

Hoffman next asserts that the Government violated the mandates of *Brady* and *Giglio*. He

---

[2] While the Court agrees with Judge Bryant's discussion of the claim's failure under the second tier of the analysis, Hoffman has not disputed that conclusion in his objections so they will not be addressed.

argues that Judge Bryant's recommendation creates a dangerous precedent, and that S.G.'s involvement with law enforcement was gravely impeaching of the testimony of the witnesses she vetted.

To establish a *Brady* violation, a defendant bears the burden of showing: (1) that the government suppressed evidence, either willfully or inadvertently; (2) that the evidence was favorable to him, either because it was exculpatory or impeaching; and (3) that it was material to the outcome at trial. *See Masten v. United States*, 752 F.3d 1142, 1146 (8th Cir. 2014). "Under *Giglio v. United States*, the government must disclose matters that affect the credibility of prosecution witnesses." *United States v. Jeanpierre*, 636 F.3d 416, 423 (8th Cir. 2011) (quoting *United States v. Morton*, 412 F.3d 901, 906 (8th Cir. 2005)). Prosecutors are not required to deliver their entire file to defense counsel, but rather, they must disclose evidence favorable to the accused that, if not disclosed, would deprive the defendant of a fair trial. *United States v. Bagley*, 473 U.S. 667, 675 (1985).

At issue here are the documents allegedly reflecting the efforts by a third party, "S.G.," in encouraging Hoffman's prosecution. Those were reviewed in Judge Bryant's Order of August 8, 2014. (ECF No. 216). The emails from "S.G." also are highly incriminating of Hoffman. Moreover, the Court finds that this evidence was not material to the outcome of the trial due to the amount of evidence against Hoffman. Accordingly, his objections to these violations are overruled.

### III. Right to Testify

Hoffman next objects to Judge Bryant's recommendation that he was not improperly denied the right to testify when his trial counsel induced him to waive that right based on false promises. A criminal defendant has the right to testify if he so chooses. *See Rock v. Arkansas*, 483 U.S. 44,

49 (1987). The trial record is clear that Hoffman understood that he had a constitutional right to testify, and that he chose not to do so.[3]

### IV. Denial of Movant's Request for an Evidentiary Hearing

Hoffman finally objects to Judge Bryant's refusal to grant him an evidentiary hearing to resolve alleged disputed factual issues in the case. A 28 U.S.C. § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006). The Court finds that Hoffman is not entitled to the relief he seeks. Accordingly, Judge Bryant did not err in denying an evidentiary hearing.

### V. Conclusion

Accordingly, the Court adopts the Report and Recommendation (ECF No. 217) *in toto*. For the reasons stated herein as well as those in the Report and Recommendation, the Movant's Amended Motion to Vacate Under 18 U.S.C. § 2255 (ECF No. 186) is **DENIED**. Moreover, pursuant to 28 U.S.C. § 1915(a), an appeal of this dismissal would not be taken in good faith.

**IT IS SO ORDERED**, this 24th day of September, 2015.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge

---

[3] To the extent that Hoffman is attempting to raise another ineffective assistance of counsel argument, the claim also fails. There is not a sufficient showing that counsel's advice was deficient or that the objectionable testimony that Hoffman would have given would have altered the outcome of the trial.